THE STATE, EX REL. THOMPSON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Thompson, v. Indus.
Comm.* (1992), 63 Ohio St.3d 287.]

(No. 90–2013—Submitted December 3, 1991—Decided March 18, 1992.)

*Lancione Law Offices* and *David Lancione,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Robert A. Minor,* for appellee United Telephone Company of Ohio.

*Lee I. Fisher,* Attorney General, and *Peter E. DeMarco,* for appellee Industrial Commission.

---

*Per Curiam. Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, declared appealable under R.C. 4123.519 only those decisions involving the claimant's right to participate in workers' compensation benefits. Having concluded in the matter currently before us that the right to participate is involved, we affirm the judgment below.

R.C. 4123.52 provides:

" * * * No * * * finding or award in * * * any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation * * * under section 4123.56 of the Revised Code, or wages in lieu of compensation * * * except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code * * *."

Under R.C. 4123.52, a claimant's right to continued participation in workers' compensation benefits ceases if disability compensation or wages in lieu thereof are not paid within six years after the date of injury. In this case, the commission found that no compensation or wages had been paid, effectively foreclosing further workers' compensation participation.

Contrary to claimant's representation, the right to participate/statute of limitations question must be resolved before any inquiry can be made into the merits of claimant's compensation request. Obviously, if claimant no longer may receive any workers' compensation benefits, the presence of "some evidence" supporting temporary total disability is immaterial.

Claimant's reliance on *Felske v. Daugherty* (1980), 64 Ohio St.2d 89, 18 O.O.3d 313, 413 N.E.2d 809, is misplaced. Claimant correctly notes that *Felske* and the present case involve substantially the same merit question. *Felske*, however, was not brought in mandamus but was instead before us pursuant to the allowance of a motion to certify the record. *Felske* does not, therefore, support claimant's assertion that this action is properly before the court in mandamus.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. The majority opinion states, in part, that "[t]he commission ultimately denied temporary total disability compensation, *finding that the claim was barred by the six-year statute of limitations.*" (Emphasis added.) This was a determination of the Industrial Commission pursuant to R.C. 4123.52. The question is one of *commission* jurisdiction and does not have a thing to do, at this stage of the proceedings, with the claimant's "right to participate." Accordingly, the decision of the commission is not one that is appealable under R.C. 4123.519. See *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175; and *State, ex rel. Superior's Brand Meats, Inc., v.*

*Indus. Comm.* (1992), 63 Ohio St.3d 277, 285, 586 N.E.2d 1077, 1083–1084 (Douglas, J., concurring in part and dissenting in part).

*Even* the majority makes the point when it says that "[c]ontrary to claimant's representation, the right to participate/statute of limitations question must be resolved *before any inquiry can be made into the merits of claimant's compensation request.* \* \* \* " (Emphasis added.) If, as according to the majority opinion, the inquiry is *not* into the merits of claimant's claim for benefits, then the appeal cannot lie under R.C. 4123.519.

Accordingly, I must respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.