COLLINSWORTH, APPELLEE, *v.* WESTERN ELECTRIC COMPANY, APPELLANT; MAYFIELD, ADMR., ET AL., APPELLEES.

[Cite as *Collinsworth v. Western Elec. Co.* (1992), 63 Ohio St.3d 268.]

(Nos. 91–699 and 91–707—Submitted January 8, 1992—Decided March 18, 1992.)

---

Charley Hess and *Janice M. Kennedy; Stewart Jaffy & Assoc. Co., L.P.A., Stewart Jaffy* and *Marc Jaffy,* for appellee Collinsworth.

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III, Darrell R. Shepard* and *Karl J. Sutter,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* for appellees Industrial Commission and James Mayfield, Administrator of the Bureau of Workers' Compensation.

---

ALICE ROBIE RESNICK, J. The issue presented to this court is whether the payment of a medical bill is sufficient to toll the ten-year statute of limitations set forth in R.C. 4123.52. We begin with the language of the statute in question, which provides in relevant part as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, *except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death,* nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the applicable time limit as provided in this section." (Emphasis added.)

The court of appeals accurately and succinctly summarized the import of this section of R.C. 4123.52 as follows: "This statute establishes the continuing jurisdiction of the commission. The first sentence states the general rule that the Industrial Commission has continuing jurisdiction over each case and may modify its former determination as it deems justified. The second sentence contains three limitations periods affecting the continuing jurisdiction of the commission. First, there is a six-year limitation for medical-expense-only claims, which runs from the date of injury. Second, there is a ten-year limitation for disability claims, which runs from the last payment of compensation. Finally, there is a two-year limitation for retroactive awards."

Collinsworth argues that the payment of a medical bill in 1977 tolls the statute of limitations found in R.C. 4123.52 because it constitutes a "payment

of compensation" within the meaning of the statute. Hence, she asserts that the commission had continuing jurisdiction to consider her motion for a change of election. Conversely, AT & T argues that the phrase "payment of compensation" does not include payment of medical expenses, asserting that this language is limited to payment of compensation under R.C. 4123.56, 4123.57, or 4123.58. Initially, we note that these sections of the Revised Code (R.C. 4123.56, 4123.57, and 4123.58) concern disability compensation.

AT & T essentially argues that the ten-year statute of limitations is tolled only when disability compensation is paid under the disability provisions of the Revised Code. As such, AT & T would have this court interpret the language "payment of compensation" in R.C. 4123.52 as meaning "payment of disability compensation." In other words, AT & T would have us insert the word "disability" as a restriction of the phrase "payment of compensation." We cannot usurp the function of the General Assembly in this manner. R.C. 1.42 requires that we read the phrase "payment of compensation" according to its common usage, and ascribe to that phrase its plain and ordinary meaning. Webster's Third New International Dictionary (1986) 463, defines "compensation" as follows: "2. something that constitutes an equivalent or recompense: as [a]: something that makes good a lack * * *; [b]: something that makes up for a loss * * *; * * * [d]: payment for value received or service rendered: remuneration. * * *" Hence, compensation can include any number of remunerations, and not simply "disability compensation," as urged by AT & T. Had the General Assembly wanted to restrict the term "compensation" in this manner, it certainly knew how to accomplish that goal. Likewise, and equally clear, had the General Assembly intended to place such a restriction on the continuing jurisdiction of the commission, it could very easily have done so. Finally, R.C. 4123.95 requires us to construe the workers' compensation statutes liberally in favor of employees.

Moreover, we agree with the court of appeals' determination that "[t]he import of the references to payment of compensation under sections R.C. 4123.56 through 4123.58 is limited * * * to establishing that the ten-year statute of limitations is applicable to such disability claims * * *." Stated otherwise, the phrase "except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code" merely identifies which types of claims are subject to the ten-year statute of limitations.

Therefore, we hold that the payment of medical expenses tolls the ten-year statute of limitations contained in R.C. 4123.52. Implicit in this determination is the notion that in the context of R.C. 4123.52, the term "compensation" is sufficiently broad to include the payment of medical bills. This concept is not

new to Ohio jurisprudence. See *State, ex rel. Parsons, v. Ferguson* (1976), 46 Ohio St.2d 389, 75 O.O.2d 457, 348 N.E.2d 692 (the payment of health insurance premiums is compensation); and *State, ex rel. Beatrice Foods Co., v. Indus. Comm.* (1985), 29 Ohio App.3d 110, 29 OBR 126, 504 N.E.2d 70 ("compensation" as used in R.C. 4123.63 contemplates the payment of medical benefits).

We agree with the interpretation found in Ohio Adm.Code 4121–17–01(B)(2)(b) and 4123–7–01(B)(2)(b). These sections provide that the payment of medical bills can toll the ten-year statute of limitations. These identical provisions state in pertinent part as follows:

" * * * If compensation is paid, the claim is opened for an additional ten years for the payment of compensation and bills. Where there has been a payment of compensation under section 4123.56, 4123.57 or 4123.58 of the Revised Code, the claim is active for ten years from the date of the last payment of compensation or ten years from the last payment of a medical bill, whichever is later."

These administrative code provisions were enacted by the state agencies charged with implementing the workers' compensation program in Ohio, the Industrial Commission and the Bureau of Workers' Compensation, respectively. "[I]t is well-settled that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command. * * * " *State, ex rel. McLean, v. Indus. Comm.* (1986), 25 Ohio St.3d 90, 92, 25 OBR 141, 143, 495 N.E.2d 370, 372. Our determination that the word "compensation" is broad enough to include the payment of medical expenses accords due deference to the Bureau of Workers' Compensation and the Industrial Commission.

For all of the above reasons, we affirm the judgment of the court of appeals and remand this cause to the common pleas court for further proceedings consistent with this opinion.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurring. I concur in the syllabus, the judgment and the well-reasoned opinion of Justice Resnick. I write separately only to call attention to the fact that this case has proceeded through the court system pursuant to an R.C. 4123.519 appeal, even though it is not a "right to continue to participate" issue. The issue is one of jurisdiction under R.C. 4123.52. I have previously set forth my reasons why a decision of the Industrial

Commission arising out of an R.C. 4123.52 question is not appealable under R.C. 4123.519. See *State, ex rel. Superior's Brand Meats, Inc., v. Indus. Comm.* (1992), 63 Ohio St.3d 277, 284–287, 586 N.E.2d 1077, 1083–1085 (Douglas, J., concurring in part and dissenting in part). See, also, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. I recognize that this precise issue is not in the case at bar, but I believe it necessary that it be stated, for the sake of continuity, that note was taken of the procedure employed.