**HOPSON, Appellee,**

**v.**

**BUREAU OF WORKERS' COMPENSATION et al., Appellants.**

[Cite as *Hopson v. Ohio Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 196.]

Court of Appeals of Ohio,
Summit County.

Nos. 16020, 16021.

Decided June 9, 1993.

*David G. Schmidt,* for appellee.

*Lee Fisher,* Attorney General, and *Sandra L. Nimrick,* Assistant Attorney General, for appellants Administrator and Industrial Commission.

*Elaine B. Davidson,* Assistant Director of Law, for appellant city of Akron.

REECE, Judge.

Defendant-appellants, the Administrator, Ohio Bureau of Workers' Compensation, Industrial Commission of Ohio, and the city of Akron, appeal the grant of summary judgment in favor of plaintiff-appellee, Allen G. Hopson, wherein the court found that Hopson's workers' compensation claim was timely filed.

During the course of his employment with the city of Akron, Hopson suffered an injury to his eyes on May 10, 1984. On July 7, 1984, he filed a claim with the Industrial Commission for the payment of his medical expenses. The record indicates that Hopson's medical bills were paid by the Industrial Commission on August 23, 1984.

On February 15, 1989, Hopson filed an application with the Industrial Commission to determine the extent of his permanent partial disability, pursuant to R.C. 4123.57(B) (effective July 24, 1979, and on the date of Hopson's injury). As a result Hopson was examined by Dr. Leedy, an eye specialist for the Industrial Commission. In his report Dr. Leedy stated:

"I examined the claimant in my office 10–2–89 to evaluate an industrial injury of 5–10–84 when he got dust in his eyes. To the best of my ability I can find no evidence of a residual injury to his eyes that could be related to the dust. He does show a pinguecula formation on his eyes that does not interfere with vision and is usually found as a normal tissue change in people that work outdoors for years.

"I found that his vision is correctable to 20/20 in both eyes with a slight myopic lens. However, since his uncorrected vision is assumed to be 20/20 before the injury and now is 20/60–20/50 this 28% visual impairment is consistent with a 26% impairment of the whole man."

Based upon Dr. Leedy's report the Administrator issued a tentative order awarding Hopson a twenty-six-percent permanent partial disability. A timely objection to this order was filed by the city of Akron and the matter was set for hearing. The district hearing officer found that Hopson was not eligible for permanent partial disability under R.C. 4123.57(B), because the "loss of uncorrected vision" is an enumerated injury compensable pursuant to R.C. 4123.57(C), as in effect on the date of Hopson's injury. Therefore, the tentative award was vacated and Hopson's claim for permanent partial disability was denied.

On April 9, 1991, Hopson filed a C–86 motion (see Ohio Adm.Code 4123–3–16), requesting compensation for the loss of uncorrected vision pursuant to R.C. 4123.57(C). The district hearing officer found Hopson's claim barred by the six-year statute of limitations contained in R.C. 4123.52. This order was affirmed on appeal by the Canton Regional Board of Review and the Industrial Commission. Hopson then filed an R.C. 4123.519 appeal to the Summit County Court of Common Pleas, wherein all parties moved for summary judgment. On October 15, 1992, the court, holding the applicable limitation period to be ten years, not six, remanded the case to the Industrial Commission. Appellants filed the instant appeal wherein they assert a singular assignment of error:

"The court of common pleas erred in granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment because the applicable statute of limitations in the instant case is six years, not ten years."

■ The issue presented to this court is: under R.C. 4123.52 which period of limitation, six years or ten years, governs the continuing jurisdiction of the Industrial Commission over a workers' compensation claim when the claimant has previously received medical-expense-only benefits.

R.C. 4123.52 begins:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. *No*

*modification or change nor any finding or award in respect of any claim shall
be made with respect to disability, compensation, dependency, or benefits, after
six years from the date of injury in the absence of the payment of compensation
for total disability under section 4123.56 of the Revised Code, or wages in lieu of
compensation in a manner so as to satisfy the requirements of section 4123.84 of
the Revised Code, except in cases where compensation has been paid under
section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the
date of the last payment of compensation or from the date of death,* nor unless
written notice of claim for specific parts or parts of body injured or disabled has
been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the
commission shall not make any modification, change, finding, or award which
shall award compensation for a back period in excess of two years prior to the
date of filing application therefor." (Emphasis added.)

The first sentence of R.C. 4123.52 establishes, generally, the jurisdiction of the
Industrial Commission. The second sentence sets forth three periods of limita-
tions affecting its jurisdiction. First, " 'there is a six-year limitation for medical-
expense-only claims, which runs from the date of injury.' " *Collinsworth v. W.
Elec. Co.* (1992), 63 Ohio St.3d 268, 270, 586 N.E.2d 1071, 1072, quoting the
appellate division's opinion of the same case. Second, when the claimant has
received benefits under R.C. 4123.56, 4123.57 or 4123.58, or wages in lieu of
compensation pursuant to R.C. 4123.84, then the commission has jurisdiction for
"ten years from the date of the last payment of compensation or from the date of
death." Finally, a two-year limitation is established for retroactive awards.

In contending that the applicable limitation is ten years, Hopson cites the
syllabus of *Collinsworth, supra,* wherein the court stated:

"The payment of medical expenses tolls the ten-year statute of limitations
contained in R.C. 4123.52."

In *Collinsworth,* the court was called upon to construe that portion of R.C.
4123.52 which states:

" * * * except in cases where compensation has been paid under section
4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of
the *last payment of compensation* or from the date of death." (Emphasis
added.)

Unlike Hopson, the claimant in *Collinsworth* had previously received benefits
under R.C. 4123.57. Therefore, there was no question that the ten-year statute
of limitations applied. The issue presented to the court was from what point did
the ten-year limitation period begin to run, that is, what is the meaning of "the
last payment of compensation"? The court held that this term is sufficiently
broad so as to include the payment of a medical expense.

In contrast, Hopson has never received benefits pursuant to R.C. 4123.56, 4123.57, or 4123.58 or wages in lieu of compensation under R.C. 4123.84. From the plain language of R.C. 4123.52, the ten-year limitation period applies only when the claimant has received benefits under one of these sections of the Revised Code. Because the only compensation Hopson ever received was medical-expense-only benefits, which do not fall under one of these sections, the applicable statute of limitations is "six years from the date of injury." See, also, *State ex rel. Thompson v. Indus. Comm.* (1992), 63 Ohio St.3d 287, 289, 586 N.E.2d 1085, 1086.

Hopson contends that, in the event we find the six-year limitation period applicable to medical-expense-only benefits, this case should be remanded to determine whether he received wages in lieu of compensation, R.C. 4123.84, thereby triggering the ten-year statute of limitations. We find Hopson's position untenable.

First, it is axiomatic that claims not raised in the trial court may not be raised on appeal. See *Maust v. Meyers Products, Inc.* (1989), 64 Ohio App.3d 310, 313, 581 N.E.2d 589, 591; *Tohline v. Central Trust Co., N.A.* (1988), 48 Ohio App.3d 280, 283, 549 N.E.2d 1223, 1228, cause dismissed (1989), 41 Ohio St.3d 703, 534 N.E.2d 1202; *American Vineyards Co. v. Wine Group* (1984), 20 Ohio App.3d 366, 369, 20 OBR 471, 474, 486 N.E.2d 854, 857. In reviewing the record we find Hopson did not contend that he received wages in lieu of compensation, but rather asserted that the ten-year limitation period applied to his claim. Second, Hopson's application for the payment of medical expenses, dated May 21, 1984, reflects that Hopson missed no work as a result of his injury. Absent any loss of work, there can be no payment of wages in lieu of compensation.

Finally, Hopson relies upon that portion of R.C. 4123.52 which states:

" * * * This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the applicable time limit as provided in this section."

Hopson contends that his untimely application for loss of vision pursuant to R.C. 4123.57(C) is in essence a modification of his timely application for permanent partial disability under R.C. 4123.57(B). We disagree.

Hopson chose which benefits to apply for. When his request for benefits under R.C. 4123.57(B) was denied he chose to refile under R.C. 4123.57(C) rather than appeal the commission's decision. "An application for an additional award * * * is not a modification of a previous award, but is [an application for] a new, separate and distinct award." *State ex rel. Curry v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 272, 389 N.E.2d 1126, 1128. Likewise, an

application for a new award is not a modification or amendment of a prior application for workers' compensation benefits.

For the foregoing reasons the order of the trial court is reversed with instructions to enter judgment in favor of appellants.

*Judgment reversed.*

COOK, P.J., and QUILLIN, J., concur.