This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark Sinsky, appeals from the decision of the Summit County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment following his divorce from Appellee, Elizabeth Mathews. He also appeals from the decision of the trial court denying his motion for a psychological evaluation of his family. We affirm.
Sinsky filed a complaint for divorce in March of 1997. The trial court entered a divorce decree on May 29, 1998, which incorporated a separation agreement. One year later, Sinsky moved the trial court for relief from judgment, pursuant to Civ.R. 60(B). The parties also filed numerous motions throughout the proceedings regarding the visitation and custody of their two minor children. With respect to that issue, on October 29, 1999, Sinsky moved the trial court to order a psychological evaluation of the family for Parent Alienation Syndrome. A magistrate denied the motion for an evaluation, and Sinsky filed timely objections. On August 4, 2000, the trial court reviewed the magistrate's decision, overruled Sinsky's objections, and denied the motion. On August 28, 2000, the trial court denied Sinsky's Civ.R. 60(B) motion for relief from judgment. Sinsky timely appealed raising two assignments of error for review, each with eight subparts, which have been rearranged for ease of review.
 First Assignment of Error With resect [sic.] to the 60B issue:
 1. Errors of facts and law in Judge Dezso's ruling on [Sinsky's] first claim for relief.
 2. Error of facts in Judge Dezso's ruling on [Sinsky's] second claim for relief.
 3. Errors of facts and law in Judge Dezso's ruling on [Sinsky's] third and forth [sic.] claims for relief.
 4. Error of fact and law in Judge Dezso's ruling on [Sinsky's] fifth claim for relief.
 5. Error of fact and law in Judge Dezso's ruling on [Sinsky's] sixth claim for relief.
 6. Error of facts in Judge Dezso's ruling on [Sinsky's] seventh claim for relief.
 7. Error of facts in Judge Dezso's ruling on [Sinsky's] eighth and ninth claims for relief.
 8. Error of facts or "Abuse of Process" in the timely filing issue in Judge Dezso's ruling.
In his first assignment of error, Sinsky essentially argues that the trial court erred when it denied his motion for relief from judgment, pursuant to Civ.R. 60(B). We disagree.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this Court may not overturn the trial court unless its decision constitutes an abuse of discretion. Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
In order to prevail on a motion for relief from judgment under Civ.R. 60(B),
 the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must meet all three of the requirements for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
With regard to the first three grounds stated in Civ.R. 60(B), the rule provides for up to one year from a judgment in which to file. Civ.R. 60(B). However, "[w]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision." Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 106. For example, this court previously held that where a party learns of grounds to set aside a judgment within a month of the judgment, but waits until the last day before the one year time limit expires, the motion may be considered to have been brought too late. Falk v. Wachs (1996), 116 Ohio App.3d 716,721. The determination as to what constitutes a reasonable time is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Miamisburg Motel v. HuntingtonNatl. Bank (1993), 88 Ohio App.3d 117, 128.
This court has stated that "[t]he burden is on the moving party to justify any delays in submitting the request for relief." La Pointe v.Ohio Freight Forwarders (Nov. 13, 1991), Summit App. No. 15083, unreported, at 6 (rejecting motion filed after an unexplained delay of 361 days). "In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion." Mt.Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289.
In the instant case, Sinsky's Civ.R. 60(B) motion stated nine reasons why he believed he should be relieved of judgment. In his first claim, Sinsky argued that due to his mental illness, he was not aware of most of the proceedings that occurred during the divorce trial on March 10, 1998. Also, he alleged that prior to the trial date, Mathews told Sinsky that he would never see his children again.
In his second claim, he took issue with the terms of the final divorce decree and separation agreement. Specifically, he argued that he reviewed the separation agreement a week after the trial and "was shocked by the terms contained therein." Further, he contended that the trial court entered the divorce decree with the incorporated separation agreement without his signature. With respect to these first two claims, Sinsky argued that he was entitled to relief pursuant to Civ.R. 60(B)(1) and (3).
The record indicates that the trial court entered the divorce decree on May 29, 1998. Sinsky filed his Civ.R. 60(B) motion on May 28, 1999, 364 days after the trial court entered judgment and at least 364 days after Sinsky acknowledges that he took issue with the proceedings and subsequent judgment. On appeal, Sinsky has argued for the first time that the delay in filing his motion was the product of the instructions of the trial court judge. Specifically, he contends that during the time between the entry of the divorce decree and the filing of his Civ.R. 60(B) motion, the parties participated in a number of informal hearings with the trial court judge to address the alleged inequitable division of marital assets. He claims that during these hearings the judge specifically instructed him not to file any motions while she addressed the pending issues. This court notes that Sinsky failed to file or point to any evidence in the record to support this notion. This allegation and its lack of support fail to demonstrate the reasonableness of the delay in bringing the motion. In the absence of such a demonstration and assuming arguendo that these claims present valid grounds for relief pursuant to Civ.R. 60(B)(1) and (3), Sinsky did not satisfy his burden and his motion was untimely as to his first and second grounds for relief.
Sinsky's third and fourth claims in his motion for relief from judgment challenged the division of the parties' debts and assets, for which he invoked Civ.R. 60(B)(1), (3), and (5) as the basis. His fifth claim challenged a restraining order placed on his IRA account. His sixth claim argued that the trial court failed to rule on a motion to modify child support made subsequent to a pretrial hearing in December of 1997. Sinsky's seventh claim disputed the trial court's calculation of child support payments. His eighth point argued that the trial court failed to hold a hearing in response to Sinsky's motion to clarify the parties' decree of divorce and his motions to hold Mathews in contempt. Finally, Sinsky's ninth point in support of his Civ.R. 60(B) motion challenged the Health Care Order issued by the trial court. Sinsky invoked Civ.R. 60(B)(1) and (5) as the basis for these five claims.
With regard to these final seven claims, Sinsky essentially challenged the accuracy of the trial court's decisions on the merits. This court notes that Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court. Rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Mester v.Washington (Oct. 19, 2000), Cuyahoga App. No. 77312, unreported, 2000 Ohio App. LEXIS 4884, at *6-7, citing Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18. Further, Civ.R. 60(B) cannot be utilized as a substitute for an appeal from a judgment to correct errors in the rendition of the judgment.
In Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, the Ohio Supreme Court held that a party may not utilize a motion filed under Civ.R. 60(B) as a substitute for a timely perfected appeal. Id. at paragraph two of the syllabus. Essentially, that is what Sinsky sought by the last seven points of his Civ.R. 60(B) motion. Sinsky had the opportunity to appeal the trial court's decision, but failed to do so. Consequently, he cannot now directly appeal the trial court's final order. Accordingly, Sinsky's attempt to use Civ.R. 60(B) in lieu of a timely appeal, was inappropriate.
Sinsky's first assignment of error is overruled.
 Second Assignment of Error With resect [sic.] to the [Parental Alienation Syndrome] issue:
 9. Errors of facts in Magistrate's findings of fact in paragraph number 8.
 10. Errors of facts in Magistrate's findings of fact in paragraph number 9.
 11. Errors of facts in Magistrate's findings of fact in paragraph number 10.
 12. Errors of facts in Magistrate's conclusions not consistent with evidence and facts of the case.
In the first four parts of his second assignment of error, Sinsky contends that the trial court abused its discretion when it denied his motion for a psychological evaluation of his family for Parental Alienation Syndrome. We disagree.
R.C. 3109.04 permits a trial court to order physical and mental examinations of minor children. R.C. 3109.04(C) provides that a trial court "may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations." (Emphasis added.) "[U]sage of the term `may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied[.]"State ex rel. Niles v. Bernard (1978), 53 Ohio St.2d 31, 34. Therefore, the decision to order an evaluation is within the sound discretion of the trial court. See Stone v. Stone (1983), 9 Ohio App.3d 6, 11 (holding that it was not error for the trial court to refuse to permit an investigation in the context of a custody proceeding where there were no allegations of abuse).
In the instant case, the magistrate denied Sinsky's motion to order a psychological evaluation of the family, finding that neither party had the funds to pay for the psychological evaluation and that the evaluation would hinder the timely completion of the case. Sinsky timely filed objections disputing the magistrate's factual findings. Specifically, Sinsky argued that he had the funds to pay for an evaluation, contrary to the magistrate's finding. However, Sinsky also noted that the trial court had previously restrained him from accessing those funds because the money was being held to cover his ongoing child support payments. Sinsky also objected to the magistrate's finding that the court had previously denied Mathews' motion for a similar evaluation, as well as the magistrate's finding that Mathews and the children opposed Sinsky's request for an evaluation. Finally, he argued that the magistrate's conclusions were not consistent with the evidence and facts of the case because, he claimed, it was Mathews who undermined Sinsky's relationship with the children.
Sinsky has neither pointed to any evidence in the record to support his contention that the trial court abused its discretion in denying his motion for a psychological evaluation of his family, nor has Sinsky pointed to any law supporting this assignment of error. This portion of Sinsky's assignment of error is overruled.
 15. Error of law in Magistrate's ignoring [R.C.] 3109.04(B)(1)(b) with respect to special circumstances (possible Parent Alienation Sydrome) provision.
In the sixth part of Sinsky's second assignment of error, he argues that the magistrate erred in denying his motion for a family evaluation because she ignored the "special circumstances" provision of R.C.3109.04(B)(2)(b). We disagree.
Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. Wright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported, at 3; see, also, Hopson v. OhioBur. of Workers' Comp. (1993), 88 Ohio App.3d 196, 200 (stating that "claims not raised in the trial court may not be raised on appeal").
The magistrate issued the decision in question on December 9, 1999. Although Sinsky timely filed his objections on December 21, 1999, the record indicates that he did not raise this objection at that time, nor did he include it in his amended objections filed on March 20, 2000. Accordingly, we find that Sinsky failed to raise this issue in the trial court and, therefore, may not now do so on appeal. This portion of his second assignment of error is overruled.
 13. Error of law in Magistrate's appointment of Attorney for the children.
In the fifth part of Sinsky's second assignment of error, he contends that the magistrate erred when it appointed an attorney for the parties' minor children. Specifically, he argues that R.C. 3109.04(B)(2)(c) does not allow the court to appoint an attorney for the children. This argument is without merit.
R.C. 3109.04(B)(2) provides, in relevant part:
 (2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
 (a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child.
* * *
 (c) The interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview.
The record indicates that on January 6, 1999, the magistrate appointed a guardian ad litem for the minor children, pursuant to R.C.3109.04(B)(2)(a). On August 11, 1999, the magistrate appointed counsel to represent the children because the guardian's recommendation conflicted with the children's expressed wishes. Sinsky has pointed to no law to support his contention that the magistrate erred in appointing counsel to represent the children in this domestic matter. While it is true that R.C. 3109.04(B)(2) does not mandate that the court appoint counsel in this instance, it does not prohibit it either. Therefore, the magistrate did not err in appointing counsel to represent the minor children. Accordingly, this portion of Sinsky's second assignment of error is overruled.
 14. Error of law in Magistrate's Estrangement of the Guardian ad Litem [sic.] for the children.
 16. Error of law in Magistrate's "abuse of discretion" and "abuse of process" in bias actions against [Sinsky] due to his bipolar illness.
In the sixth and eighth parts of Sinsky's second assignment of error, he itemizes twelve instances where he alleges that the magistrate erred throughout the proceedings in the lower court.
This court notes that Sinsky has failed to set forth a single, legal authority to support his contentions that the magistrate erred in any of these instances. In doing so, Sinsky has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Sinsky had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Furthermore, it is not the duty of this court to search the record for evidence to support Sinsky's argument of an alleged error. See State v. Watson (1998), 126 Ohio App.3d 316,321; Frecska, supra, at 3.
Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Accordingly, since Sinsky has failed to set forth any legal error by the trial court in these two subparts of his second assignment of error, this court has no choice but to disregard them.
This court notes that Sinsky is proceeding pro se. However, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, 1991 Ohio App. LEXIS 1354, at *3-4. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. See Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363 (concluding that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants"). Therefore, Sinsky may not rely upon his lack of representation as an excuse for his failure to submit a brief in compliance with the Appellate Rules and this court's Local Rules. Accordingly, this portion of Sinsky's second assignment of error is overruled.
Sinsky's two assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J. CONCUR.