This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Amy Mote, appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, terminating her parental rights and granting permanent custody of her child, Dayton Wiegreff ("Dayton"), to Summit County Children Services Board ("CSB"). This court affirms.
On August 12, 1999, CSB filed a complaint alleging that Dayton, born February 11, 1998, was neglected and dependent. The trial court granted emergency temporary custody to CSB. On October 28, 1999, the court adjudicated Dayton a neglected child and granted temporary custody to CSB.
On June 12, 2000, CSB moved for permanent custody of Dayton. Subsequently, Appellant moved the trial court for temporary custody or for a six-month extension of temporary custody to CSB. A magistrate heard both motions on September 21, 2000, and October 30, 2000. The magistrate granted permanent custody to CSB and denied Appellant's motion to extend temporary custody. Appellant timely filed objections to the magistrate's decision. The trial court overruled Appellant's objections. Appellant timely appealed raising three assignments of error, two of which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I The trial court's decision than [sic.] an order of permanent custody of Dayton Weigreff [sic.] to [CSB] was in the best interest of Dayton Weigreff [sic.] was against the manifest weight of the evidence.
 ASSIGNMENT OF ERROR II The trial court's decision to deny Amy Mote's motion for a six-month extension of temporary custody of Dayton Weigreff [sic.] was an abuse of discretion.
In her first assignment of error, Appellant argues that the trial court erred in finding that it was in Dayton's best interest to grant permanent custody to CSB. Appellant contends in her second assignment of error that the trial court abused its discretion when it denied her motion for a six-month extension of temporary custody. We disagree with both contentions.
When a party objects to a magistrate's decision, the party must comply with Civ.R. 53, which provides, in part:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Civ.R. 53(E)(3)(b).
When a transcript is not available, Civ.R. 53(E)(3)(b) provides that a party may support her objections with an affidavit of the relevant evidence presented at the hearing. This court has held that a party may support her objections with an affidavit in lieu of a transcript when: (1) she demonstrates that a transcript is not available, and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. Csongeiv. Csongei (July 30, 1997), Summit App. No. 18143, unreported, at 3-5.
Although Appellant challenged the magistrate's decision through timely objections, she did not comply with the requirements of Civ.R. 53(E)(3)(b). Significantly, she did not provide the trial court with a complete transcript of proceedings or a proper substitute. Appellant submitted only a partial transcript of proceedings with her objections. The transcript begins with the notation, "Beginning portion of hearing is not available due to mechanical malfunction." Following that notation, it seems that the transcribed proceedings start midway through Appellant's testimony. Additionally, it also appears that the testimony of Ruby Boone, CSB case aid, is missing from the transcript in its entirety.
Since Appellant failed to comply with the requirements of Civ.R. 53(E)(3)(b), the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. This court is likewise limited to that standard of review. Melendez v. Mankis (Dec. 15, 1999), Lorain App. No. 98CA007091, unreported, at 5.
In these assignments of error, Appellant challenges the decision to grant permanent custody to CSB and to deny the motion for an extension of temporary custody, respectively. The magistrate and trial court premised those conclusions on facts that Appellant now disputes. Appellant's arguments focus primarily on whether clear and convincing evidence supported the trial court's judgment with respect to these issues. Without a record of the evidence, as required by Civ.R. 53(E)(3)(b), we cannot pass upon these factual issues. Therefore, we overrule Appellant's first and second assignments of error.
 ASSIGNMENT OF ERROR III The trial court erred by using a "clear and convincing" standard of evidence rather than one of "beyond a reasonable doubt" in determining that an order of permanent custody to [CSB] was in Dayton Weigreff's [sic.] best interest.
In her final assignment of error, Appellant maintains that the trial court erred in using an incorrect standard of review. Specifically, the magistrate and trial court found there was clear and convincing evidence that the child should be placed in the permanent custody of CSB. Appellant's argument is not well taken.
As stated previously, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. Wright v. Mayon
(July 2, 1997), Summit App. No. 18050, unreported, at 3. See, also,Hopson v. Ohio Bur. of Workers' Comp. (1993), 88 Ohio App.3d 196, 200
(stating that "claims not raised in the trial court may not be raised on appeal").
The magistrate issued the decision in question on November 22, 2000. Although Appellant timely filed her objections on December 6, 2000, the record indicates that she did not raise this objection. Accordingly, since Appellant failed to raise this issue in the trial court, she may not now do so on appeal. Appellant's third assignment of error is overruled.
Appellant's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.