DECISION
{¶ 1} In this original action, relator, Roger Rampe, requests that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which found that relator had been overpaid temporary total disability ("TTD") compensation from October 16, 1985 through February 2, 1986, because relator had received wages during the same period.
{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court deny the requested writ of mandamus, based primarily upon a major premise that money paid to relator for the period in question was paid in the form of wages and not some form of profit sharing. (Magistrate's Decision, Appendix A.) Based upon this conclusion by the magistrate, it was further concluded that the commission did not abuse its discretion in finding an overpayment. Relator has filed objections to the magistrate's decision, but the objections do not literally comply with the requirements of Civ.R. 53. Additionally, the objections raised by relator are merely rearguments of those matters already before the court. For these reasons and reasons hereinafter set forth, the objections of relator will be overruled.
{¶ 3} Relator sustained a work related injury on October 15, 1985, and his claim was allowed. Relator received TTD compensation from October 16, 1985 to February 2, 1986. A number of years later, in 1993 and 1994, the Ohio Bureau of Workers' Com-pensation ("BWC") paid related medical bills.
{¶ 4} In 2000, a special investigation unit of the BWC received information from a confidential informant that relator had received wages for a time during which he was paid TTD compensation. There was written evidence submitted to the BWC's investigative unit and it was revealed that relator was paid $8,000 during the same time he was receiving TTD compensation in late 1985 and early 1986.
{¶ 5} In February 2001, the BWC issued an order declaring an overpayment of TTD compensation in the amount of $5,024 based upon a finding that relator had received regular wages at the time he received TTD compensation. Relator appealed this decision and the matter was heard before a district hearing officer who concluded relator had been paid wages at the same time he received TTD compensation. At that time, relator argued that a statute of limitations problem would have precluded the BWC from issuance of an order finding an overpayment. The district hearing officer, however, concluded that no specific statute of limitations barred the recovery of funds by the BWC or placed any specific time limit on their ability to collect overpayments.
{¶ 6} A further appeal was taken from the district hearing officer's order to the staff hearing officer who concluded that evidence demonstrated relator had received wages at the time he received TTD compensation. As it relates to relator's argument concerning the statute of limitations, the staff hearing officer noted as follows:
{¶ 7} "Per the District Hearing Officer order, the Bureau Of Workers' Compensation did not pursue this matter until now, because they only recently became aware of the overpayment. Claimant's counsel's effort to argue that a statute of limitations somehow bars the Bureau Of Workers' Compensation's effort to recoup the overpayment, is found unpersuasive. There is no statute of limitations in the manner claimant asserts, appurtenant to the Ohio Revised Code which relates to workers' compensation that would bar this action. The code section that claimant's counsel did provide at table (section 2305.14) did not include sufficient information with which the Staff Hearing Officer could reasonably conclude that it would apply to the case sub-judice." (Emphasis sic.)
{¶ 8} As pointed out by the magistrate, relator has raised chiefly two arguments in this mandamus action: (1) the commission was without jurisdiction to declare an overpayment of TTD compensation paid between October 16, 1985 to February 2, 1986, as such time period was ten years prior to the commission's hearing and thus barred pursuant to R.C. 4123.52; and (2) the commission abused its discretion in finding that the money paid to relator constituted wages instead of profit sharing.
{¶ 9} The commission has taken the position that the BWC's payment of medical expenses relating to relator's claim in 1993 and 1994, tolled the ten year statute of limitations contained in R.C. 4123.52. The commission directs our attention to Collinsworth v. Western Elec. Co. (1992), 63 Ohio St.3d 268, wherein the Ohio Supreme Court was presented with the issue of whether the payment of medical bills was sufficient to toll the ten year statute of limitations set forth in R.C. 4123.52. The court ruled, in pertinent part, as follows:
{¶ 10} "The court of appeals accurately and succinctly summarized the import of this section of R.C. 4123.52 as follows: `This statute establishes the continuing jurisdiction of the commission. The first sentence states the general rule that the Industrial Commission has continuing jurisdiction over each case and may modify its former determination as it deems justified. The second sentence contains three limitations periods affecting the continuing jurisdiction of the commission. First, there is a six-year limitation for medical-expense-only claims, which runs from the date of injury. Second, there is a ten-year limitation for disability claims, which runs from the last payment of compensation. Finally, there is a two-year limitation for retroactive awards.'
{¶ 11} "* * *
{¶ 12} "Therefore, we hold that the payment of medical expenses tolls the ten-year statute of limitations contained in R.C. 4123.52. Implicit in this determination is the notion that in the context of R.C.4123.52, the term `compensation' is sufficiently broad to include the payment of medical bills. * * *" Id. at 270-271.
{¶ 13} Since it is clear in the case sub judice, that the BWC paid medical bills related to the allowed injuries in relator's claim in 1993 and 1994, such payments were before the expiration of the ten year period which would otherwise have foreclosed further activity in the claim. In view of the reasoning in Collinsworth, the statute of limitations would therefore have been tolled and the commission would have jurisdiction to proceed as it did relative to the declaration of the overpayment.
{¶ 14} Relator urges a tortured interpretation of the Collinsworth case, and generally argues that the case does not directly apply in this case. However, the case, in our view, does apply to the factual background before us and therefore, relator's objections to the magistrate's decision are overruled.
{¶ 15} Relator's other objection to the magistrate's decision relates to the determination by the commission that money paid to relator was in the form of wages and not actually profit sharing. This decision is one within the wide ranging authority of the commission to resolve factual disputes and to decide the credibility and weight to be given evidence. While the evidence as it relates to the payment of wages versus the concept of profit sharing may have been in dispute, it is clearly within the province of the commission to resolve such questions and in view of the record, we see no basis for disturbing this decision. In this respect, it is significant to note that the commission, in resolving the issue of whether relator had received wages or merely profit sharing, relied upon a letter from Ronald and Nancy Rampe, wherein they indicated the money paid to relator for the period involved was salary and not profit sharing. There is no clear showing in the record of anything persuasive to conclude otherwise as it relates to the declaration of the overpayment.
{¶ 16} In summary, the legal arguments raised by relator as it relates to the application of the Collinsworth case, and the factual argument as it relates to the determination of relator receiving wages, as opposed to profit sharing, are without merit and therefore the objections of relator to the magistrate's decision are overruled.
{¶ 17} Following independent review, pursuant to Civ.R. 53(C), we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. We also note the magistrate has previously overruled respondent's motion to dismiss the case on jurisdictional grounds.
{¶ 18} In accordance with the recommendation contained in the magistrate's decision, and having overruled relator's objections to the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
BROWN and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS
{¶ 19} Relator, Roger Rampe, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which found that relator had been over paid temporary total disability ("TTD") compensation from October 16, 1985 through February 2, 1986, because relator received both wages and TTD compensation for that time period.
Findings of Fact:
{¶ 20} 1. Relator sustained a work-related injury on October 15, 1985, in the course of his employment with respondent-employer Troy Rampe Construction, Inc. At the time, relator co-owned the company with his brother, Ronald Rampe.
{¶ 21} 2. Relator's workers' compensation claim was assigned claim No. 85-30593, and the claim was allowed for: "Left leg joint dislocated not otherwise specified; right leg joint dislocated not otherwise specified. Laxity of ligament right."
{¶ 22} 3. Relator received TTD compensation from October 16, 1985 to February 2, 1986.
{¶ 23} 4. The Bureau of Workers' Compensation ("BWC"), paid medical bills related to the allowed conditions in 1993 and 1994.
{¶ 24} 5. On April 6, 2000, the BWC Special Investigation Unit in Lima, Ohio, received an allegation from a confidential informant that relator had received wages from employer at the same time he had been paid TTD compensation. The confidential informant provided copies of past payroll checks made out to relator which relator had cashed. The checks totaled nearly $8,000 which was paid to relator during the time he was collecting TTD compensation from October 16, 1985 to February 2, 1986. The confidential informant also provided accounting spread sheets from the employer showing that relator was an employee on the payroll during the fourth quarter of 1985 and the first quarter of 1986.
{¶ 25} 6. Based upon the above information, the BWC issued an order on February 27, 2001, declaring an overpayment of TTD compensation in the amount of $5,024.80, based upon a finding that relator had received his regular wages at the same time he received TTD compensation from October 16, 1985 to February 2, 1986.
{¶ 26} 7. Relator appealed the BWC order and the matter was heard before a district hearing officer ("DHO") who issued an order dated August 16, 2001. The DHO concluded that relator had been paid wages at the same time he received the TTD compensation. At that time, relator argued that a statute of limitations problem existed; however, the DHO resolved that question as follows:
{¶ 27} "No specific statue of limitations is pointed out governing the Bureau of Workers' Compensation right to recover an overpayment. Workers' Compensation is not a civil or criminal matter such that Civil or Criminal Statue of Limitation should apply. The legislature in giving the Bureau of Workers' Compensation the duty to protect `the fund' did not put a time limit on its ability to collect overpayments."
{¶ 28} 8. Relator appealed from the DHO order and the matter was heard before a staff hearing officer ("SHO") on October 22, 2001. The SHO again concluded that the evidence demonstrated that relator had received wages at the same time he received TTD compensation. With regard to relator's argument concerning the statute of limitations, the SHO noted as follows:
{¶ 29} "Per the District Hearing Officer order, the Bureau of Workers' Compensation did not pursue this matter until now, because they only recently became aware of the overpayment. Claimant's counsel's effort to argue that a statute of limitations somehow bars the Bureau of Workers' Compensation's effort to recoup the overpayment, is found unpersuasive. There is no statute of limitations in the manner claimant asserts, appurtenant to the Ohio Revised Code which relates to workers' compensation that would bar this action. The code section that claimant's counsel did provide at table (section 2305.14) did not_ include sufficient information with which the Staff Hearing Officer could reasonably conclude that it would apply to the case sub judice."
{¶ 30} 9. Relator appealed from the SHO order contending that he had new evidence to present. Attached to his notice, relator attached a copy of R.C. 4123.52 and contended that the commission did not have jurisdiction because the overpayment at issue was paid more than ten years ago.
{¶ 31} 10. Relator's appeal was refused by order of the commission mailed November 6, 2001.
{¶ 32} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
{¶ 33} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
{¶ 34} Relator raises two arguments in this mandamus action: (1) the commission was without jurisdiction to declare an overpayment of TTD compensation paid between October 16, 1985 to February 2, 1986, as such time period was ten years prior to the commission's hearing and the commission was barred pursuant to R.C. 4123.52; and (2) the commission abused its discretion in finding that the money paid to relator constituted wages instead of profit sharing and in declaring an overpayment.
{¶ 35} R.C. 4123.52 provides, in pertinent part, as follows:
{¶ 36} "The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section."
{¶ 37} The commission argues that the BWC's payment of medical expenses relative to relator's claim in 1993 and 1994, tolled the ten-year statute of limitations contained in R.C. 4123.52. The commission directs this court's attention to Collinsworth v. Western Elec. Co. (1992), 63 Ohio St.3d 268, wherein the Ohio Supreme Court was presented with the issue of whether the payment of a medical bill was sufficient to toll the ten-year statute of limitations set forth in R.C. 4123.52. The court noted, in pertinent part, as follows:
{¶ 38} "The court of appeals accurately and succinctly summarized the import of this section of R.C. 4123.52 as follows: `This statute establishes the continuing jurisdiction of the commission. The first sentence states the general rule that the Industrial Commission has continuing jurisdiction over each case and may modify its former determination as it deems justified. The second sentence contains three limitations periods affecting the continuing jurisdiction of the commission. First, there is a six-year limitation for medical-expense-only claims, which runs from the date of injury. Second, there is a ten-year limitation for disability claims, which runs from the last payment of compensation. Finally, there is a two-year limitation for retroactive awards.'
"{¶ 39} * * *
{¶ 40} "Therefore, we hold that the payment of medical expenses tolls the ten-year statute of limitations contained in R.C. 4123.52. Implicit in this determination is the notion that in the context of R.C.4123.52, the term "compensation" is sufficiently broad to include the payment of medical bills. * * *" Id. at 270-271.
{¶ 41} In the present case, the record is clear that medical benefits were paid in relator's claim in 1993 and 1994, before the expiration of ten years. As such, pursuant to the reasoning of Collinsworth, the statute of limitations would have been tolled, and the commission would have had jurisdiction over the instant matter.
{¶ 42} Relator contends that Collinsworth does not apply and urges this court to find that the ten year period runs from the date of the last payment of either temporary total, permanent partial, or permanent total disability benefits and does not include payment of medical bills. However, in Collinsworth, the employer had urged the court to interpret the language "payment of compensation" in R.C. 4123.52, as meaning "payment of disability compensation." The employer argued that the language was limited to payment of compensation under either R.C. 4123.56, 4123.57, or 4123.58. However, the court refused to follow the employer's reasoning and concluded as follows:
{¶ 43} "* * * [W]e agree with the court of appeals' determination that '[t]he import of the references to payment of compensation under sections R.C. 4123.56 through 4123.58 is limited * * * to establishing that the ten-year statue of limitations is applicable to such disability claims * * *.' Stated otherwise, the phrase `except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code' merely identifies which types of claims are subject to the ten-year statute of limitations."
{¶ 44} As such, this magistrate concludes that the commission did have jurisdiction, under R.C. 4123.58, and this argument is not well taken.
{¶ 45} Relator also contends that the commission abused its discretion by concluding that the money paid to him was wages and was not actually profit sharing. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165. It is immaterial whether other evidence, even if greater in quality and/or quantity supports a decision contrary to the commission's. State ex rel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373.
{¶ 46} In the present case, the commission had the opportunity to review the conflicting evidence and weigh the credibility of the sources. The commission relied upon the March 8, 2001 letter from Ronald and Nancy Rampe, wherein they indicated that the money paid to relator from October 16, 1985 to February 2, 1986 was his salary and not profit sharing. They further stated that profit sharing was paid once a year, at the end of the year, in the amount of one hundred dollars. The commission also noted the regularity and consistency of the payments which relator received added credibility to the letter of Ronald and Nancy Rampe, and the argument that the compensation paid constituted wages.
{¶ 47} Because there is some evidence in the record upon which the commission relied, relator has not demonstrated that the commission abused its discretion in finding that the compensation paid to him was paid to him in the form of wages and did not constitute profit sharing. As such, this argument is not well taken.
{¶ 48} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in exercising its jurisdiction to consider this matter and in ultimately determining that relator had been paid wages during the same time period for which he received TTD. As such, the commission did not abuse its discretion in declaring an overpayment, and relator's request for a writ of mandamus should be denied.