CLIFFORD, APPELLEE AND CROSS-APPELLANT, *v.* DAUGHERTY, ADMR., ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Clifford v. Daugherty (1980), 62 Ohio St. 2d 414.]

(No. 79-1415—Decided June 25, 1980.)

*Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson,* for appellee and cross-appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellants and cross-appellees.

*Per Curiam.*   In order to avoid the constitutional question determined by the trial court, the Court of Appeals construed the six-year limitation period of R. C. 4123.52 to be inapplicable to claimant. Though we affirm the Court of Appeals' judgment, we reach the constitutional issue since the Court of Appeals erred in construing the statute.

## I.

Prior to January 1, 1979, R. C. 4123.52, in relevant part, provided:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death***."

Based on this provision,[1] appellants lacked the jurisdiction to entertain any application or request filed by claimant more than six years after the date of his injury unless claimant had been paid disability compensation under R. C. 4123.56, 4123.57 or 4123.58 during this six-year period.[2] There is no dispute that the application for disability compensation and requests for continued payments for medical expenses at issue would be filed more than six years after the date of claimant's injury. Moreover, it was stipulated in the trial court that claimant was not paid disability compensation by appellants under R. C. 4123.56, 4123.57 or 4123.58 within six years from the date of his injury.

The Court of Appeals determined that this six-year limitation period was inapplicable, based upon its determination that "compensation" within the meaning of R. C. 4123.52 "includes wages paid by an employer to a totally disabled

---

[1] R. C. 4123.52 must be read in conjunction with R. C. 4123.84, which requires that a claimant file written notice with the bureau or commission within two years after injury or death describing the specific part or parts of the body so injured. R. C. 4123.84 further provides that the commission has continuing jurisdiction under R. C. 4123.52 over claims meeting this notice requirement.

[2] If disability compensation has been awarded during this six-year period, the commission's jurisdiction over a claim continues until "ten years from the date of last payment of [such] compensation." R. C. 4123.52.

employee."[3] Therefore, since claimant was both totally disabled and paid wages by his employer during two periods in 1971, *i.e.,* within six years from the date of his injury, the Court of Appeals ruled that appellants were empowered to entertain claimant's application and requests filed more than six years after the date of claimant's injury.

The Court of Appeals' construction of R. C. 4123.52 is incorrect. Wages received from an employer are not disability compensation, nor are they paid under R. C. 4123.56, 4123.57 or 4123.58. Since the provision at issue unambiguously expresses the General Assembly's intent, the Court of Appeals should have strictly construed and applied it. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106; *Sears* v. *Weimer* (1944), 143 Ohio St. 312, paragraph five of the syllabus. Thus, we hold that appellants correctly applied R. C. 4123.52 in ruling that they could not entertain claimant's above application and requests.

## II.

In his cross-appeal, claimant contends that R. C. 4123.52 as applied to claimant violates the Equal Protection Clause of Section 26 of Article II of the Ohio Constitution. The stipulated facts reveal that if claimant had not been paid wages in 1971, he would have received temporary total disability compensation under R. C. 4123.56, which would have empowered appellants to entertain claimant's application and requests filed more than six years after the date of his injury. Thus, we must determine whether it is a violation of the Equal Protection Clause for appellants to refuse to entertain claimant's application for disability compensation and requests for continued payment for medical expenses filed more than six years after the date of his injury for the *sole* reason that claimant, within six years from the date of his injury, accepted wages during his periods of temporary total disability in lieu of receiving disability compensation.

Under the Equal Protection Clauses of the Ohio and United States Constitutions,[4] a legislative classification, which

---

[3] Effective January 1, 1979, the General Assembly amended R. C. 4123.52 to include the payment of "wages in lieu of compensation" as an additional ground for avoiding the six-year limitation period.

[4] "The limitations placed upon governmental action by the Equal Protection

implicates neither a suspect classification nor a fundamental interest, is valid if it is rational, *i.e.,* if it is not wholly arbitrary and bears a reasonable relationship to a permissible governmental objective. *McGowan* v. *Maryland* (1961), 366 U.S. 420; *Williamson* v. *Lee Optical* (1955), 348 U.S. 483; *National Tube Co.* v. *Peck* (1953), 159 Ohio St. 98, paragraph six of the syllabus; *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, paragraphs two and three of the syllabus. Moreover, such a classification is presumed to be valid and will be upheld unless no reasonable state of facts can be conceived to support it. *Lindsley* v. *Natural Carbonic Gas Co.* (1911), 220 U.S. 61.

Notwithstanding the above judicial deference, we cannot uphold the classification at issue. The difference between a claimant who accepts wages in lieu of disability compensation and an otherwise similar claimant who rejects or is not offered wages during his disability (and is therefore paid temporary total disability compensation under R. C. 4123.56) is an arbitrary basis for determining whether a claimant's entitlement will continue for more than six years after the date of his injury. We find no reasonable state of facts which will support this classification, nor have appellants offered any.[5] Thus, we hold that the above classification is violative of the Equal Protection Clause of the Ohio Constitution.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the judgment.

---

Clauses of the Ohio and United States Constitutions are essentially identical." *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 123.

[5] Appellants' reliance on *Sechler* v. *Krouse* (1978), 56 Ohio St. 2d 185, is misplaced. In *Sechler* the claimant did not apply for disability compensation within six years of the date of injury, and thus failed to meet a condition uniformly applicable to all claimants. In the instant cause, the claimant did apply within the above period but was denied compensation solely because he received wages in lieu of disability compensation during his disability.