FELSKE, APPELLEE, *v.*
DAUGHERTY, ADMR., ET AL., APPELLANTS.

(No. 79-1678—Decided December 10, 1980.)

*Messrs. Larrimer & Larrimer* and *Mr. Craig A alyson,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Bradley J. Finn,* for appellants, Administrator and Industrial Commission.

*Per Curiam.* At the time this action arose, R. C. 4123.52 provided, in pertinent part, as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57 or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation***."[1]

The Court of Appeals' reference to R. C. 4123.95 as justification for its "liberal construction" of R. C. 4123.52 is unsup-

---

[1] The section was amended, effective January 1, 1979, to read, as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, *or wages in lieu of compensation in a manner so as to satisfy the requirements of section* 4123.84, *of the Revised Code,* except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation***." (Amended language italicized.)

portable. As stated in *Szekely* v. *Young* (1963), 174 Ohio St. 213, paragraph two of the syllabus, "[a] direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." This court recently observed in *Clifford* v. *Daugherty* (1980), 62 Ohio St. 2d 414, 417, that "[w]ages received from an employer are not disability compensation, nor are they paid under R. C. 4123.56, 4123.57 or 4123.58. Since the provision at issue unambiguously expresses the General Assembly's intent, the Court of Appeals should have strictly construed and applied it." In this regard, there is no difference between the wages paid in *Clifford* and the sick-leave benefits paid in an amount equal to wages herein.

Thus, the commission properly determined that it lacked jurisdiction to consider the instant application for disability compensation after six years from the date of appellee's injury. However, such a construction of R. C. 4123.52, as applied to the instant situation, violates the Equal Protection Clause of Section 26, Article II of the Ohio Constitution.

The statute itself, in creating two separate statutes of limitation for invoking the continuing jurisdiction of the commission, classifies claimants on the basis of whether they have received disability compensation within six years of the date of injury. A claimant who has been paid such compensation may apply for modification of his claim any time within ten years after the last payment; whereas, a claimant who has *only* been reimbursed for his medical expenses is foreclosed from seeking additional compensation six years after his injury.[2]

However, the effect of R. C. 4123.52, as applied herein, is to create a distinctly different type of classification. This application of the statute distinguishes between a claimant, suffering periods of temporary total disability, who applied for and was awarded compensation therefor, and another claimant, also admittedly temporarily totally disabled, who requested and was awarded sick-leave benefits in lieu of filing for compensation. Only the former claimant may invoke the

---

[2] This general classification was upheld against an equal protection challenge in *Sechler* v. *Krouse* (1978), 56 Ohio St. 2d 185.

commission's continuing jurisdiction beyond the initial six-year period.

In determining whether this classification comports with the equal protection clause, we are guided by the oft-stated principle that a legislative classification must be reasonable, not arbitrary, and must bear a rational relationship to a permissible governmental objective. *Village of Belle Terre* v. *Boraas* (1974), 416 U. S. 1, 8;[3] *Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522, 527; *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 123; and *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618, 620.

In a comparable situation, this court ruled in *Clifford* v. *Daugherty, supra,* at page 418, that "[t]he difference between a claimant who accepts wages in lieu of disability compensation and an otherwise similar claimant who rejects or is not offered wages during his disability (and is therefore paid temporary total disability compensation under R. C. 4123.56) is an arbitrary basis for determining whether a claimant's entitlement will continue for more than six years after the date of his injury." The claimant, there, actually applied for disability compensation within the initial six-year period, but since his employer had paid him wages during his disability, the hearing officer determined that the commission lacked jurisdiction to grant relief. This determination was apparently based on our holding in *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12, that such a claimant suffers no "loss."

The parties have stipulated to this court that the only distinction between the facts of this cause and those of *Clifford* is that the instant claimant did not apply for temporary total disability compensation within the six-year period. Since it is evident, under the standard of *State, ex rel. Rubin, supra,* that appellee's claim would have been disallowed had he applied, we are convinced this is a distinction without a difference.

Appellants' reliance on *Sechler* v. *Krouse* (1978), 56 Ohio St. 2d 185, is misplaced. In that cause, the claimant was reimbursed solely for his medical expenses during the six years subsequent to his injury. There is no indication that he re-

---

[3] "The limitations placed upon governmental action by the Equal Protection Clauses of the Ohio and United States constitutions are essentially identical." *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 123.

ceived any form of payments for a disability from either his employer or the commission during that time. The application of R. C. 4123.52 passed constitutional muster, therein, because it bore a reasonable relationship to the permissible objective of eliminating stale and spurious claims. If there was no indication of a compensable disability within six years after an industrial injury, the General Assembly could legitimately presume that such a disability would not thereafter arise.[4]

Contrarily, the effect of the statute, as presently applied, does not so promote a valid objective. It is uncontroverted that appellee did suffer several periods of temporary total disability within the statutory period, for which he received sick-leave benefits from his employer. In this circumstance, it is arbitrary to determine a claimant's entitlement to invoke the commission's continuing jurisdiction on the basis of whether he received remuneration for that disability from his employer or from the Industrial Commission.

Likewise, where it is evident that an application for disability compensation would be denied because the claimant is already receiving wages in lieu thereof, it is arbitrary to base the same entitlement on the performance of a vain act. In this regard, footnote No. 5 of *Clifford, supra,* at page 418, requires clarification. While application for disability compensation was a feature which distinguished *Clifford* from *Sechler,* we find that in a situation such as the present cause, where it would obviously be futile, application is not required. Rather, it is recognition of and payment for a disability which triggers continuing jurisdiction beyond six years from the date of injury.

On the basis of stipulations entered in the trial court, concerning the dates of appellee's total disability and the payment of sick-leave benefits therefor, the factual determination for which the Court of Appeals remanded the cause is unnecessary.

---

[4] Our conclusion that the purpose of the six-year termination date was to dispose of stale medical only claims is supported by the fact that the predecessor of R. C. 4123.52 contained only the ten-year statute of limitation. It was not until 1967 that "the General Assembly imposed a special restriction on the commission's jurisdiction to change or modify awards for medical benefits only." *Sechler* v. *Krouse, supra,* at page 187. See, also, Young, Workmen's Compensation Law of Ohio 129 (2d Ed.), Section 7.6.

Accordingly, the judgment of the Court of Appeals is affirmed, as modified, and the cause is remanded to the Industrial Commission for consideration of appellee's application for determination of the percentage of permanent partial disability.

*Judgment accordingly.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

WILLIAM B. BROWN, J., concurring in the judgment. While I agree with the majority that the equal protection requirement of the Ohio Constitution should be the basis for our disposition in favor of the claimant, I must concur only in the judgment because I would subject a different classification to equal protection analysis (part I, *infra),* and because I believe that there exists herein statutory grounds for avoiding the constitutional merits of a classification which the majority in fact does subject to equal protection analysis (part II, *infra*).

### I.

Prior to January 1, 1979, a claimant could avoid the six-year jurisdictional limitation of R. C. 4123.52 only if such claimant were *paid* disability compensation under R. C. 4123.56, 4123.57 or 4123.58 within six years of the date of injury. In *Sechler* v. *Krouse* (1978), 56 Ohio St. 2d 185, this court upheld the constitutionality of the above scheme. Most recently, based on the equal protection requirement of the Ohio Constitution, this court ruled that the payment of wages by an employer in lieu of the payment of disability compensation by the bureau[5] during a period of temporary total disability within six years of the date of injury must be an additional ground for avoiding the above six-year limitation. *Clifford* v. *Daugherty* (1980), 62 Ohio St. 2d 414, 417-418.

As distinct from the claimant in *Clifford* who was paid wages by his employer during a period of temporary total

---

[5] In *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12, this court earlier held that an employee who received wages during a period of temporary total disability is not entitled to disability compensation under what is now R. C. 4123.56. Thus, there is no apparent reason for such an employee to think it necessary to apply for disability compensation.

disability within six years of the date of injury, claimant herein was paid sick-leave benefits by his employer during an otherwise similar period. Since it would be wholly arbitrary to distinguish between the payment of sick-leave benefits and the payment of wages for the purpose of determining whether a claimant's entitlement to disability compensation will continue for more than six years after the date of injury, claimant herein must prevail based on the equal protection requirement of the Ohio Constitution. See *Clifford, supra,* at pages 417, 418.[6]

## II.

The other factual distinction between *Clifford* and the instant cause is that the claimant in *Clifford* applied for disability compensation within six years of the date of injury while the claimant in the instant cause did not. In my opinion, the majority did not need to subject this distinction to *constitutional* scrutiny for the reason that the filing of an application within six years of the date of injury is not even a *statutory* condition for avoiding the six-year jurisdictional limitation of R. C. 4123.52.

Under R. C. 4123.52, the *payment* of disability compensation (and after *Clifford* and the instant cause, the payment of wages or sick-leave benefits in lieu of disability compensation),

---

[6] "Under the Equal Protection Clauses of the Ohio and United States Constitutions, a legislative classification, which implicates neither a suspect classification nor a fundamental interest, is valid if it is rational, *i.e.,* if it is not wholly arbitrary and bears a reasonable relationship to a permissible governmental objective. *McGowan* v. *Maryland* (1961), 366 U. S. 420; *Williamson* v. *Lee Optical* (1955), 348 U. S. 483; *National Tube Co.* v. *Peck* (1953), 159 Ohio St. 98, paragraph six of the syllabus; *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, paragraphs two and three of the syllabus. Moreover, such a classification is presumed to be valid and will be upheld unless no reasonable state of facts can be conceived to support it. *Lindsley* v. *Natural Carbonic Co.* (1911), 220 U. S. 61.

"Notwithstanding the above judicial deference, we cannot uphold the classification at issue. *The difference between a claimant who accepts wages in lieu of disability compensation and an otherwise similar claimant who*\*\*\**[accepts sick-leave benefits] is an arbitrary basis for determining whether a claimant's entitlement will continue for more than six years after the date of his injury.* We find no reasonable state of facts which will support this classification, nor have appellants offered any. Thus, we hold that the above classification is violative of the Equal Protection Clause of the Ohio Constitution." (Emphasis added.) *Clifford, supra,* at pages 417-418.

and not the *application* therefor, is the dispositive jurisdictional factor. Consequently the Industrial Commission has no present statutory authority to determine whether a claimant's entitlement will continue for more than six years after the date of injury based upon whether a claimant filed an application for disability compensation within six years of the date of injury. Thus, the majority's constitutional consideration (and renunciation) of whether the timeliness of an application for disability compensation can be jurisdictionally determinative on the facts presented is unnecessary and somewhat misleading.

Also, the language in *Sechler, supra,* at page 190, and in *Clifford, supra,* at page 418, fn. 5, should *not* be read to suggest that the filing of an application for disability compensation can sometimes be a jurisdictional condition under R. C. 4123.52. In *Sechler,* since the claimant was not paid disability compensation within six years of the date of injury, such claimant failed to meet the sole condition then existing (*i.e.,* prior to *Clifford*) for avoiding the six-year limitation.

Somewhat cryptically, *Clifford, supra,* at fn. 5, distinguished *Sechler* as follows:

"***In *Sechler* the claimant did not apply for disability compensation within six years of the date of injury, and thus *failed to meet a condition uniformly applicable to all claimants.* ***" (Emphasis added.)

In keeping with the language of R. C. 4123.52, we should interpret "failed to meet a condition uniformly applicable to all claimants" as a reference to the claimant's failure in *Sechler* to be paid disability compensation within six years of the date of injury. We should also either repudiate the portion of the above quoted sentence from fn. 5 which precedes the comma, or interpret it as a gratuitous remark indicating only that a claimant must, necessarily, first file an application in order to be paid disability compensation.

In no circumstance, however, should the language in *Sechler, supra,* at page 190, and in fn. 5 of *Clifford* be read to effect an amendment to R. C. 4123.52, introducing the timely filing of an application for disability compensation as an additional, albeit occasional, jurisdictional condition. Such matters are for the General Assembly.

In summary, by virtue of the terms of R. C. 4123.52, a claimant can avoid the six-year limitation if *paid* disability compensation under R. C. 4123.56, 4123.57 or 4123.58 within six years of the date of injury. Additionally, pursuant to the equal protection requirement of the Ohio Constitution as set forth in *Clifford, supra,* at pages 417-418, and as set forth in part I of this concurring opinion, a claimant can avoid this same six-year limitation if *paid* either wages or sick-leave benefits in lieu of disability compensation during a period of compensable disability within six years of the date of injury.[7] In no event is the filing of an application for disability compensation a jurisdictional condition under R. C. 4123.52.[8] Finally, pursuant to *Sechler, supra,* the above scheme, taken as a whole, is constitutional.

For the foregoing reasons, I can only concur in the judgment.

---

[7] In *Clifford, supra,* and in the instant cause, it was stipulated that the claimants had periods of temporary total disability during which they were paid wages and sick-leave benefits, respectively, within six years of the date of injury.

[8] A separate question is *when* should payment of disability compensation under R. C. 4123.56, 4123.57 or 4123.58 be deemed to have occurred in a situation where the claimant applied for disability compensation within six years of the date of injury but the related payment was subsequently made by the bureau more than six years from the date of injury. Such a payment should perhaps be deemed to have been made within six years of the date of injury in order to prevent administrative and adjudicative delays from diminishing the rights of worthy claimants. See R. C. 4123.95 (liberal construction in favor of employees). In contrast, where a related payment of disability compensation is not subsequently made, the filing of an application within six years of the date of injury would apparently have *no* significance under R. C. 4123.52.