WARGETZ, APPELLANT, *v.*
VILLA SANCTA ANNA HOME FOR THE AGED ET AL., APPELLEES.

[Cite as Wargetz *v.* Villa Sancta Anna Home for the Aged (1984),
11 Ohio St. 3d 15.]

(No. 83-848—Decided May 9, 1984.)

*Shapiro, Kendis & Assoc. Co., L.P.A.,* and *Mr. David G. Schmidt,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Timothy J. Delaney,* for appellees Administrator, Bureau of Workers' Compensation, and Industrial Commission.

*Per Curiam.* The issue presented in this appeal is whether the distinction made in R.C. 4123.84 between state fund insured employers and self-insured employers under the workers' compensation laws of Ohio with regard to the tolling of the statute of limitations violates the Constitution of this state. Specifically, appellant argues that this statutory classification as applied to her violates the Equal Protection Clause of the Ohio Constitution.[3]

Although R.C. 4123.84 has been amended twice since 1976,[4] the 1976 version is the applicable statute in the case at bar since it was in effect at the time of appellant's injury.[5] *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, 54 [50 O.O.2d 90]; *Indus. Comm.* v. *Kamrath* (1928), 118 Ohio St. 1, 7.

Former R.C. 4123.84 required all workers' compensation claimants to give written notice of the claimed injury to the Industrial Commission of Ohio or the Bureau of Workers' Compensation within two years of the injury in order to preserve claims for compensation or benefits. Such notice invoked the continuing jurisdiction of the commission under R.C. 4123.52.[6] One ex-

---

[3] Section 26 of Article II reads:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except, as otherwise provided in this constitution."

[4] January 17, 1977 and January 1, 1979.

[5] Appellant essentially argues that had the amendments been in effect in 1976 her claim would have been timely filed, thus reflecting a legislative intention to correct a mistake. We make no such determination since only the 1976 version of the statute is at issue.

[6] R.C. 4123.52, in 1976, provided:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any find-

ception to the notice requirement was permitted in R.C. 4123.84(A)(2)(b) in the case of self-insured employers: if, within two years of the injury, a self-insured employer paid compensation or benefits to the injured employee equal to or in excess of an amount specified elsewhere in R.C. Chapter 4123, such claim also was preserved for at least six years under the provisions of R.C. 4123.52.

The exception set forth in R.C. 4123.84(A)(2)(b) was a result of the legislative recognition of the differences between self-insurers and state fund insured employers. The involvement of the latter in the processing of workers' compensation claims made by their employees consists only of premium payments to the fund. Self-insurers, on the other hand, are the initial processing agents of claims brought by their employees. The commission or bureau becomes involved only if the self-insurer denies a claim and the employee appeals.

The payment of compensation or benefits by a self-insured employer to an injured employee constitutes a recognition of a potential claim against the employer's coverage. By paying compensation or benefits, the self-insurer is in effect waiving the two-year bar set forth in R.C. 4123.84, since the employer is put on notice of a possible claim. Statutes of limitations are constitutionally permissible methods of preventing stale claims, in order that necessary evidence pertinent to the issues is preserved. The preservation of pertinent evidence is the responsibility of the potentially liable party once it has notice of a possible claim.

A state fund insured employer cannot waive the two-year bar simply by paying similar compensation or benefits since it is not the processing agent for claims of its employees. The bureau or commission has the sole responsibility of collecting the evidence and ruling on the claim in such a case. Payments made by a state fund insured employer to an injured employee do not indicate that the bureau or commission has notice of a potential claim, and therefore the two-year statute would still be in effect.

A statutory classification which involves neither a suspect classification nor a fundamental interest does not violate the Equal Protection Clause of the Ohio Constitution if it bears a rational relationship to a permissible government objective. *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975),

---

ing or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefore. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section."

41 Ohio St. 2d 120, 123 [70 O.O.2d 206]; *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618, 620 [21 O.O. 490]. No suspect classifications or fundamental interests are implicated by R.C. 4123.84. Therefore we must decide whether the instant classification is rationally related to a permissible government objective.

Appellant cites *Clifford* v. *Daugherty* (1980), 62 Ohio St. 2d 414 [16 O.O.3d 443], and *Felske* v. *Daugherty* (1980), 64 Ohio St. 2d 89 [18 O.O.3d 313], as support for her argument. In *Clifford* we held that the distinction made in the pre-1979 version of R.C. 4123.52 between claimants receiving disability payments from the bureau and those receiving wages in lieu of disability payments was too arbitrary to withstand an equal protection objection. Similarly in *Felske* the distinction made in the same statute between employees receiving disability benefits from the bureau and those receiving sick-leave benefits from their employers was struck down.

No permissible state objective was furthered by the classifications at issue in *Clifford* and *Felske*. In the case at bar, the statutory classification directly furthers a permissible objective: insuring that the proper processing agent of a workers' compensation claim receives *notice* of a potential claim before the continuing jurisdiction provisions of R.C. 4123.52 are invoked by the tolling of the statute of limitations. Notice is imperative in that subsequent measures can be taken by the responsible party to protect its resources.

Further, notice to the commission or bureau is especially important to the stability of the State Insurance Fund. Since premium rates are established according to the liability history of the participating employers, the two-year bar aids the administrator in his effort to balance payments made and funds collected. An extended period in which to file could result in unrealistic rate-setting.

Thus, we hold that this classification is not violative of the Equal Protection Clause of the Ohio Constitution. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. Because I am convinced that former R.C. 4123.84 created a constitutionally impermissible distinction between employees of state fund employers and self-insured employers, I dissent.

Former R.C. 4123.84, as applied by the majority, bars a claim filed by an employee of a state fund employer which paid wages and medical bills during disability, whereas an identical claim against a self-insured employer would

be preserved. Thus, the statute required unequal treatment of employees based solely on whether their employers were state-funded or self-insured. This classification bears no rational relationship to a legitimate government interest, and is therefore unconstitutional as it denies equal protection of the law to employees of state fund employers.

The majority asserts that former R.C. 4123.84(A)(2)(b) was a recognition by the legislature of the differences between self-insurers and state fund insured employers. Since the self-insurer is both the potentially liable party and the initial processor of the claim, payment of compensation or benefits by a self-insured employer indicates that it has recognized a possible claim and thus is on notice to collect and preserve evidence. In this situation, the employer has waived the two-year bar by providing compensation or benefits. However, in the case of state fund insured employers, the commission or bureau is not involved when the employer pays compensation or benefits to an injured employee. The potentially liable party thus receives no notice of a potential claim, and evidence is not preserved. I believe that this purported basis for the distinction is insufficient and arbitrary. This court has held that, in order for a statutory classification to withstand an equal protection attack, the underlying state objective must be "at least as important" as the objective of compensating claimants who are injured or killed in the course of their employment. *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 124 [70 O.O.2d 206]. The majority in the instant cause bases its opinion partly on the fact that notice to the bureau or commission aids the administrator in balancing payments made and funds collected so as to establish premium rates. But this court has stated that where the objective is merely "administrative ease," the distinction is not constitutional. *Kinney, supra,* at 124. Thus, the purpose of assisting the administrator in fixing premium rates is wholly deficient as a basis for unequal treatment of claimants. The outright bar of otherwise meritorious claims must be buttressed by weightier considerations to withstand equal protection scrutiny.

The same holds true of the purpose of preserving evidence, which is cited by the majority as a rational objective behind the classification. While this purpose may be sufficient for establishing a statute of limitations, it is entirely inadequate as a basis for instituting a shorter limitations period for employees of state funded employers than for those employed by self-insurers. It is merely another avenue for easing alleged administrative difficulties in the adjudication process, and thus does not comport with equal protection requirements under *Kinney, supra.*

Therefore, no acceptable rationale has been advanced, nor can one be imagined, which would form a sufficient basis for this blatantly unequal treatment of employees whose claims are identical but for the fortuity of their place of employment. This distinction obviously has no bearing on the validity of their claims. The only alleged foundation for the differing treatment is that of administrative convenience in the adjudication of claims and the

determination of premium rates. This scant foundation is completely dwarfed by the substantial inequity it supposedly justifies.

For the foregoing reasons, I am emphatically of the opinion that former R.C. 4123.84(A)(2)(b) is violative of equal protection. I would reverse the judgment of the court of appeals and remand the cause for further proceedings.

J.P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.