DECISION
{¶ 1} Relator, Mosier Industrial Services Corporation, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order to the extent that it holds the commission lacks jurisdiction to adjudicate relator's motion to terminate temporary total disability ("TTD") compensation, and to enter an amended order that adjudicates relator's motion.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that the Ohio Bureau of Workers' Compensation's September 9, 2003 order awarding TTD compensation for a specified closed period of time and then beyond upon submission of fully completed C-84 forms, provides a jurisdictional basis for the commission's adjudication of relator's motion to terminate TTD. Therefore, the magistrate has recommended that we order the commission to vacate that portion of its staff hearing officer's ("SHO") order that held the commission lacked jurisdiction to adjudicate relator's May 16, 2005 motion, and to enter an amended order that adjudicates relator's motion.
 {¶ 3} The commission has filed objections to the magistrate's decision pointing out that the claimant was not receiving TTD payments because he was receiving his full wages pursuant to a wage continuation agreement. The commission argues that because the claimant was not receiving TTD payments, the commission did not have jurisdiction to adjudicate relator's motion to terminate TTD compensation. We disagree.
 {¶ 4} The commission fails to recognize the significance of its September 9, 2003 order that awarded the claimant TTD compensation. That order not only granted TTD for a specified closed period of time, it also granted TTD for future periods of time upon the submission of properly completed C-84 forms. The commission's September 9, 2003 order was not appealed. Therefore, that order remains in effect. This is significant for purposes of determining the commission's continuing jurisdiction to adjudicate the claim. The fact that the claimant has not been receiving TTD payments due to the existence of a wage continuation agreement has no bearing on the commission's continuing jurisdiction to adjudicate relator's motion, and thereby potentially modify its September 9, 2003 order. There is a difference between an award of TTD compensation and the right to receive payments pursuant to that award. Although the claimant may not have a right to receive TTD payments because of the wage continuation agreement, the commission has continuing jurisdiction to address the underlying TTD award. Therefore, we overrule the commission's objections.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant a writ of mandamus ordering the commission to vacate that portion of its order holding that the commission lacks jurisdiction to adjudicate relator's May 16, 2005 motion, and further ordering the commission to enter an amended order that adjudicates relator's motion.
Objections overruled; writ of mandamus granted.
Sadler and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Mosier Industrial : Services Corp., : Relator, : v. : No. 05AP-1096 Industrial Commission of Ohio : (REGULAR CALENDAR) and Shawn Walker, : Respondents. :
 MAGISTRATE'S DECISION Rendered on April 27, 2006 Baran, Piper, Tarkowsky, Fitzgerald Theis Co., L.P.A., andJohn Tarkowsky, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 6} In this original action, relator, Mosier Industrial Services Corp., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it holds that the commission lacks jurisdiction to adjudicate relator's motion to terminate temporary total disability ("TTD") compensation, and to enter an amended order that adjudicates relator's motion.
Findings of Fact:
 {¶ 7} 1. On August 12, 2003, Shawn Walker ("claimant") sustained an industrial injury while employed with relator, a state-fund employer.
 {¶ 8} 2. An order of the Ohio Bureau of Workers' Compensation ("bureau") mailed August 22, 2003, allows the industrial claim for "sprain thoracic region[;] sprain lumbosacral [and] contusion of knee right." The industrial claim is assigned claim number 03-847633.
 {¶ 9} 3. On September 8, 2003, claimant's attending physician certified on a C-84 form a period of TTD from August 18, 2003 to an estimated return-to-work date of September 14, 2003.
 {¶ 10} 4. On September 9, 2003, the bureau mailed an order additionally allowing the claim for "medial meniscus tear." The bureau order further provides: "Temporary total compensation is payable from 08-18-03 to 09-14-03 and may continue upon submission of fully completed C84 forms."
 {¶ 11} 5. Apparently, the bureau orders mailed August 22 and September 9, 2003, were not administratively appealed.
 {¶ 12} 6. On November 4, 2003, relator and claimant signed a written agreement stating:
I Shawn C. Walker agree to accept salary continuation from Mosier Industrial Services Corp. in lieu of filing with BWC for temporary total disability as a result of a BWC claim filed for an injury dated 8/12/03.
Agreement to pay salary continuation does not mean the employer has certified the claim or has relinquished appeal rights.
Salary continuation will be paid to employee based on the BWC guidelines in effect at the time of the absence.
 {¶ 13} 7. Apparently, relator paid wages or salary continuation to claimant in lieu of TTD compensation for the period beginning August 18, 2003 and continuing beyond September 14, 2003. Also, the bureau paid to claimant TTD compensation for the period August 18 to September 14, 2003, pursuant to the bureau's order mailed September 9, 2003.
 {¶ 14} 8. Relator moved that the bureau's payment of TTD compensation be declared an overpayment.
 {¶ 15} 9. Following a December 8, 2003 hearing, a district hearing officer ("DHO") issued an order granting relator's motion. The DHO's order states:
Injured Worker received both Temporary Total Disability Compensation and wage continuation from 8/18/03 to 9/14/03; Injured Worker is therefore overpaid Temporary Total Disability Compensation from 8/18/03 to 9/14/03, to be collected from future awards per 4123.511(J), pursuant to Industrial Commission policy.
 {¶ 16} 10. On March 11, 2004, claimant moved for an additional claim allowance. Following a July 27, 2004 hearing, a DHO issued an order additionally allowing the claim for "disc herniation L4-5." Apparently, the DHO's order of July 27, 2004 was not administratively appealed.
 {¶ 17} 11. On May 6, 2005, at relator's request, claimant was examined by Sushil M. Sethi, M.D., for all the then allowed conditions of the claim. In his report, Dr. Sethi opined that claimant has "reached maximum medical improvement."
 {¶ 18} 12. On May 16, 2005, citing Dr. Sethi's report, relator moved for the termination of TTD compensation based upon maximum medical improvement ("MMI").
 {¶ 19} 13. Earlier, on March 17, 2005, claimant moved for additional claim allowances.
 {¶ 20} 14. Following a June 21, 2005 hearing, a DHO issued an order granting additional claim allowances and denying relator's May 16, 2005 motion for a finding of MMI. The DHO awarded further TTD compensation "subsequent to 3/30/2005."
 {¶ 21} 15. Relator administratively appealed the DHO's order of June 21, 2005.
 {¶ 22} 16. Following a July 26, 2005 hearing, a staff hearing officer ("SHO") issued an order stating that the DHO's order is modified. The SHO's order grants additional claim allowances, then states:
This Staff Hearing Officer finds no jurisdiction to address the issue of Temporary Total Disability Compensation. Although, Temporary Total Disability Compensation was initially ordered in this claim in 2003, the employer elected to provide wage continuation as an alternative to Temporary Total Disability Compensation. Therefore, a prior finding found an overpayment of Temporary Total Disability based upon the wage continuation.
This Staff Hearing Officer finds that wage continuation is not the same as Temporary Total Disability Compensation and, therefore, there is no jurisdiction to consider the issue of Maximum Medical Improvement or Temporary Total Disability Compensation, as there is no compensation ongoing nor any request for compensation pending at the time the Motion was filed, on the date of hearing, or at the time of the Appeals. Therefore, again, there is no jurisdiction to address an issue of Temporary Total Disability Compensation as there is no Temporary Total Disability Compensation or request pending.
 {¶ 23} 17. On March 20, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of July 26, 2005.
 {¶ 24} 18. On October 13, 2005, relator, Mosier Industrial Services, Corp., filed this mandamus action.
Conclusions of Law:
 {¶ 25} The issue is whether the bureau's order awarding TTD compensation provides a jurisdictional basis for the commission's adjudication of relator's May 16, 2005 motion to terminate the compensation where claimant has been receiving wage continuation from relator in lieu of compensation payments from the bureau.
 {¶ 26} Finding that the bureau's order awarding TTD compensation provides a jurisdictional basis for the commission's adjudication of relator's motion, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 27} The SHO held that the commission had "no jurisdiction" to address an issue regarding TTD compensation because "there is no compensation ongoing." Apparently, the SHO believed that payment of wages in lieu of the bureau's payment of TTD compensation on the award terminated commission jurisdiction over the bureau's award.
 {¶ 28} While "wages in lieu of compensation" is not a form of compensation that the bureau or commission can order an employer to pay under the workers' compensation statutes, its payment, nevertheless, has significant consequences recognized by the workers' compensation statutes. Because the commission here broadly asserts that a wage continuation agreement "is simply outside the realm of workers' compensation," (Commission brief, at 4.) it is instructive to view the commission's claim in light of R.C. 4123.52 where "wages in lieu of compensation" is specifically recognized as having consequences for the limitation period of a claim. While R.C. 4123.52 only indirectly relates to the jurisdictional issue here, a brief digression to that statute and its history is warranted.
 {¶ 29} R.C. 4123.52 states:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57,4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation[.] * * *
(Emphasis added.)
 {¶ 30} As a historical note, effective January 1, 1979, the General Assembly amended R.C. 4123.52 to include the payment of "wages in lieu of compensation" as an additional ground for avoiding the six year limitation period. Clifford v. Daugherty
(1980), 62 Ohio St.2d 414, 417, fn. 3.
 {¶ 31} In Clifford, the court held that the prior version of R.C. 4123.52 violated the Equal Protection Clauses of the Ohio and United States Constitutions. The Clifford court explained:
* * * The stipulated facts reveal that if claimant had not been paid wages in 1971, he would have received temporary total disability compensation under R.C. 4123.56, which would have empowered appellants to entertain claimant's application and requests filed more than six years after the date of his injury. Thus, we must determine whether it is a violation of the Equal Protection Clause for appellants to refuse to entertain claimant's application for disability compensation and requests for continued payment for medical expenses filed more than six years after the date of his injury for the sole reasons that claimant, within six years from the date of his injury, accepted wages during his periods of temporary total disability in lieu of receiving disability compensation.
Under the Equal Protection Clauses of the Ohio and United States Constitutions, a legislative classification, which implicates neither a suspect classification nor a fundamental interest, is valid if it is rational, i.e., if it is not wholly arbitrary and bears a reasonable relationship to a permissible governmental objective. * * * Moreover, such a classification is presumed to be valid and will be upheld unless no reasonable state of facts can be conceived to support it. * * *
Notwithstanding the above judicial deference, we cannot uphold the classification at issue. The difference between a claimant who accepts wages in lieu of disability compensation and an otherwise similar claimant who rejects or is not offered wages during his disability (and is therefore paid temporary total disability compensation under R.C. 4123.56) is an arbitrary basis for determining whether a claimant's entitlement will continue for more than six years after the date of his injury. We find no reasonable state of facts which will support this classification, nor have appellants offered any. Thus, we hold that the above classification is violative of the Equal Protection Clause of the Ohio Constitution.
(Emphasis sic; footnotes omitted.) Id. at 417-418.
 {¶ 32} Thus, R.C. 4123.52 specifically commands that "wages in lieu of compensation" be treated as compensation the payment of which tolls the running of the limitation period. R.C. 4123.52
is an example of a workers' compensation statute that specifically recognizes wages in lieu of compensation and that assigns consequences to its payment. R.C. 4123.52 undermines the commission's position here that the instant wage continuation agreement "is simply outside the realm of workers' compensation law." (Commission brief, at 4.)
 {¶ 33} R.C. 4123.56(A) provides for the payment of TTD compensation. It further provides that payment shall not be made for the period "when the employee has reached the maximum medical improvement."
 {¶ 34} The main analysis here begins with the observation that the bureau order of September 9, 2003 awarding TTD compensation is a final order because it was not administratively appealed. Moreover, the bureau order, by its terms, awards TTD compensation for the closed period from August 18 to September 14, 2003, and to continue upon submission of completed C-84s. Thus, the bureau order placed a continuing duty upon the bureau to pay TTD compensation if all conditions precedent are met. SeeState ex rel. Crabtree v. Ohio Bur. of Workers' Comp. (1994),71 Ohio St.3d 504, 508.
 {¶ 35} The continuing duty of the bureau to make payment on the award was temporarily alleviated by the employer's wage payments in lieu of TTD compensation. However, the employer's agreement to pay wages did not have the effect of vacating the bureau order, as the commission here seems to suggest. The bureau simply had no duty to make payment on the award as long as the employer continued to pay wages in lieu of the compensation awarded.
 {¶ 36} Relator's May 16, 2005 motion did not ask the commission to assume jurisdiction over the wage continuation agreement, as the commission here seems to suggest. Rather, relator's motion asks the commission to terminate the TTD award on grounds that claimant has reached MMI. Clearly, the commission had jurisdiction to modify the bureau's September 9, 2003 order by finding that MMI has been reached. A commission determination of MMI will not adjudicate the wage continuation agreement even though such commission determination will presumably affect the continuing execution of the agreement by the parties.
 {¶ 37} According to the commission here, the SHO who refused jurisdiction over relator's motion was bound to do so by Memo C3 which can be found in the commission's Hearing Officer Manual in effect May 7, 2001.
 {¶ 38} Memo C3 states:
Jurisdiction over the Issue of Maximum Medical Improvement
In order for a Hearing Officer to proceed on the issue of Maximum Medical Improvement (MMI), it is necessary that Temporary Total Disability be an issue in the claim.
The measuring date to determine jurisdiction on the issue of MMI is the date on which the motion or request was filed seeking a finding of MMI. A Hearing Officer has the ability to proceed on the issue of MMI when a claimant is: (1) on TTD compensation at the time a party files a request that the claimant be found to have reached MMI, and/or (2) when the claimant is on TTD compensation at the time of the hearing on the issue of MMI.
Where the claimant was neither on TTD at the time of the request to find MMI, nor at the time of hearing on that issue, the Hearing Officer shall not proceed on the issue of MMI.
 {¶ 39} According to the commission, it is undisputed that claimant was not on TTD compensation at the time of relator's motion, nor at the time of the SHO hearing. On that basis, the commission concludes that Memo C3 required the SHO to refuse to adjudicate relator's motion.
 {¶ 40} To the extent that Memo C3 may be inconsistent with the legal analysis presented here, it cannot be used as authority to support the commission's refusal to adjudicate relator's motion. In any event, the magistrate declines the commission's invitation to render a legal analysis of Memo C3. Memo C3 cannot, by itself, provide authority for the commission's holding absent some primary authority that Memo C3 fails to disclose.
 {¶ 41} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate that portion of its SHO's order holding that the commission lacks jurisdiction to adjudicate relator's May 16, 2005 motion, and to enter an amended order that adjudicates relator's motion.