DECISION
{¶ 1} Relator, JKKDR Ltd., dba Carnival Foods, has filed an original action requesting that this court issue a writ of mandamus ordering respondents, Ohio Bureau of Workers' Compensation ("bureau") and the Industrial Commission of Ohio ("commission"), to vacate the bureau's assessment of a violation of a specific safety requirement ("VSSR") against wages paid by relator to respondent, Mitchell Smith ("claimant"), pursuant to a wage continuation agreement.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant a writ of mandamus ordering the commission to strike language from an order of a staff hearing officer ("SHO"), mailed November 1, 2005, that "`wage continuation' does equate with payment of compensation for purposes for VSSR liability[,]" and to order the bureau to refer the matter for an adjudication of issues relating to assessment of the VSSR award against wages paid by relator in lieu of compensation. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and, based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, a writ is granted ordering the commission to strike the above-quoted language from the SHO's order denying relator's motion for rehearing, and ordering the bureau to refer the matter raised in the December 13, 2005 letter of claimant's counsel to the commission for adjudication.
Writ of mandamus granted.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. JKKDR Ltd., : dba Carnival Foods, : Relator, : v. : No. 05AP-1251 Mitchell Smith, The Industrial : (REGULAR CALENDAR) Commission of Ohio and Administrator, : Bureau of Workers' Compensation, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 30, 2006 Mowery Youell, Ltd., and Merl H. Wayman, for relator.
Wade Law Office LLC, and E. Roberta Wade, for respondent Mitchell Smith.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} In this original action, relator, JKKDR, Ltd., dba Carnival Foods ("relator" or "Carnival Foods"), requests a writ of mandamus ordering respondents the Ohio Bureau of Workers' Compensation ("bureau") and the Industrial Commission of Ohio ("commission") to vacate the bureau's VSSR assessment against wages paid by relator to respondent Mitchell Smith ("claimant") pursuant to a wage continuation agreement.
Findings of Fact:
 {¶ 5} 1. On July 3, 2002, claimant sustained crushing injuries to three fingers of his right hand while operating a "cuber machine" for Carnival Foods, a state-fund employer.
 {¶ 6} 2. During the year prior to the date of injury, claimant had been employed part-time by Carnival Foods and full time by Ohio Metal Technologies, Inc. ("Ohio Metal").
 {¶ 7} 3. During approximately three years following the industrial injury, claimant was unable to return to his employment at Ohio Metal. However, there were intermittent periods when claimant did return to restricted duty work at Carnival Foods. During this approximate three-year period, Carnival Foods paid to claimant wages in lieu of temporary total disability ("TTD") compensation and wages in lieu of wage loss compensation with respect to claimant's employment with Carnival Foods and Ohio Metal.
 {¶ 8} 4. On June 14, 2004, claimant filed an application for an additional award for Carnival Foods' alleged violations of specific safety requirements ("VSSR").
 {¶ 9} 5. In May 2005, Carnival Foods and claimant entered into a written wage continuation agreement by completing and signing bureau form C-55. The agreement covers the period beginning July 3, 2002 through May 15, 2005 and to continue. The agreement also specifies that Carnival Foods has paid wages lost from other employment.
 {¶ 10} 6. Following a June 9, 2005 hearing, a staff hearing officer ("SHO") issued an order granting a VSSR award. Following an explanation for the VSSR award, the SHO's order states:
It is therefore ordered that an additional award of compensation be granted to the injured worker in the amount of twenty percent of the maximum weekly rate under the rule of "STATE EX REL ENGLE V. INDUSTRIAL COMMISSION", 142 OHIO ST. 425.
 {¶ 11} 7. Carnival Foods filed a motion for rehearing pursuant to Ohio Adm. Code 4121-3-20(C). In its memorandum in support of rehearing, Carnival Foods argued:
The Staff Hearing Officer's Order did not conform to § 35 of Article II of the Ohio Constitution which provides that a VSSR award shall be in an amount as shall be found to be just, not greater than 50 nor less than 15% of the maximum award established by law. This shall be added by the Board to the amount of the compensation that may be awarded on account of such injury disease or death and paid in a like manner as other awards. It is submitted in the instant case that there has been no compensation award to the Claimant. The Claimant has enjoyed wage continuation during his period of temporary total inability to work and during the period he has returned to work on light duty. * * *
 {¶ 12} 8. In a memorandum, claimant responded to Carnival Foods' argument as follows: "[T]he Employer's argument about the payment of a VSSR award is no basis whatsoever for a rehearing, as this issue did not even belong the [sic] in the original VSSR hearing."
 {¶ 13} 9. On November 1, 2005, another SHO mailed an order denying Carnival Foods' motion for rehearing. In the order, the SHO states: "`[W]age continuation' does equate with payment of compensation for purposes of VSSR liability."
 {¶ 14} 10. On November 5, 2005, the bureau issued to Carnival Foods written notice of the bureau's calculation of the VSSR award.
 {¶ 15} 11. On December 13, 2005, claimant's counsel wrote to the bureau specifically requesting that the bureau include in its calculation of the VSSR award Carnival Foods' payment of "living maintenance wage loss" for various periods specified in the letter. Through the December 13, 2005 letter, claimant's counsel also submitted to the bureau the wage continuation agreement and an affidavit executed by claimant on December 9, 2005. Apparently, claimant's counsel failed to copy relator on the letter and its attachments.
 {¶ 16} 12. Claimant's December 9, 2005 affidavit averred that claimant was employed part-time at Carnival Foods and full time at Ohio Metal at the time of the injury. The affidavit averred that claimant never returned to his employment at Ohio Metal after the industrial injury and it listed the periods during which claimant was unable to return to work at Carnival Foods.
 {¶ 17} 13. On December 30, 2005, the bureau issued to Carnival Foods another written notice of the bureau's calculation of the VSSR award.
 {¶ 18} 14. Earlier, on November 22, 2005, Carnival Foods filed this mandamus action. On January 11, 2006, Carnival Foods filed an amended complaint alleging that the bureau's November 5, 2005 notice assessed the VSSR penalty upon claimant's receipt of wage continuation based upon his employment with Carnival Foods and that the bureau's December 30, 2005 notice assessed the VSSR penalty upon claimant's receipt of wage continuation based upon his employment with Ohio Metal. (Amended Complaint paragraphs 11-12.)
Conclusions of Law:
 {¶ 19} It is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 20} Section 35, Article II of the Ohio Constitution states:
* * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the general assembly or in the form of an order adopted by such board, and its decision shall be final * * *. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution.
 {¶ 21} In State ex rel. Engle v. Indus. Comm. (1944), 142 Ohio St. 425, 437, the Supreme Court of Ohio stated:
As we view the matter, the phrase ["]maximum award established by law,["] as used in Section 35, Article II of the Constitution, means the maximum amount per week, which the commission may award the injured workman, as fixed by the applicable statute * * *.
 {¶ 22} In this action, the issues presented by Carnival Foods focus upon Carnival Foods' payment of wages in lieu of compensation under a so-called wage continuation agreement. Accordingly, it is helpful to briefly review the historical and statutory context of wages in lieu of compensation.
 {¶ 23} While "wages in lieu of compensation" is not a form of compensation that the bureau or commission can order an employer to pay under the workers' compensation statutes, its payment, nevertheless, has significant consequences recognized by the workers' compensation statutes. In R.C. 4123.52 "wages in lieu of compensation" is specifically recognized as having consequences for the limitation period of a claim.
 {¶ 24} R.C. 4123.52 states:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57,4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation[.] * * *
(Emphasis added.)
 {¶ 25} As a historical note, effective January 1, 1979, the General Assembly amended R.C. 4123.52 to include the payment of "wages in lieu of compensation" as an additional ground for avoiding the six year limitation period. Clifford v. Daugherty
(1980), 62 Ohio St.2d 414, 417, fn. 3.
 {¶ 26} In Clifford, the court held that the prior version of R.C. 4123.52 violated the Equal Protection Clauses of the Ohio and United States Constitutions. The Clifford court explained:
* * * The stipulated facts reveal that if claimant had not been paid wages in 1971, he would have received temporary total disability compensation under R.C. 4123.56, which would have empowered appellants to entertain claimant's application and requests filed more than six years after the date of his injury. Thus, we must determine whether it is a violation of the Equal Protection Clause for appellants to refuse to entertain claimant's application for disability compensation and requests for continued payment for medical expenses filed more than six years after the date of his injury for the sole reasons that claimant, within six years from the date of his injury, accepted wages during his periods of temporary total disability in lieu of receiving disability compensation.
Under the Equal Protection Clauses of the Ohio and United States Constitutions, a legislative classification, which implicates neither a suspect classification nor a fundamental interest, is valid if it is rational, i.e., if it is not wholly arbitrary and bears a reasonable relationship to a permissible governmental objective. * * * Moreover, such a classification is presumed to be valid and will be upheld unless no reasonable state of facts can be conceived to support it. * * *
Notwithstanding the above judicial deference, we cannot uphold the classification at issue. The difference between a claimant who accepts wages in lieu of disability compensation and an otherwise similar claimant who rejects or is not offered wages during his disability (and is therefore paid temporary total disability compensation under R.C. 4123.56) is an arbitrary basis for determining whether a claimant's entitlement will continue for more than six years after the date of his injury. We find no reasonable state of facts which will support this classification, nor have appellants offered any. Thus, we hold that the above classification is violative of the Equal Protection Clause of the Ohio Constitution.
(Emphasis sic; footnotes omitted.) Id. at 417-418.
 {¶ 27} Thus, R.C. 4123.52 specifically commands that "wages in lieu of compensation" be treated as compensation the payment of which tolls the running of the limitation period. R.C. 4123.52
is an example of a workers' compensation statute that specifically recognizes wages in lieu of compensation and that assigns consequences to its payment.
 {¶ 28} According to relator, Section 35, Article II of the Ohio Constitution must be viewed as prohibiting the assessment of the VSSR award against wages paid in lieu of compensation because the wages paid by the employer are allegedly not fixed by statute, as allegedly required by Engle. Relator further contends that any assessment of the VSSR award against wages paid in lieu of compensation creates a windfall to the claimant because his wages paid were in an amount greater than the amount to be paid for TTD compensation.
 {¶ 29} Also, relator claims that, even if it can be held that the VSSR award can be assessed against wages paid in lieu of compensation, the VSSR award cannot be assessed against wages paid by relator to compensate claimant for his loss of earnings at Ohio Metal.
 {¶ 30} The magistrate finds that the issues relator attempts to present to this court in this mandamus action are at best premature. It is clear from the record before this court that the commission has not truly had an opportunity to adjudicate these issues and, in fact, there is no commission order for this court to review.
 {¶ 31} Analysis begins with the observation that the SHO's order mailed November 1, 2005, which denied relator's motion for rehearing, does not constitute a commission adjudication of any of the issues relator attempts to present to this court in mandamus. The SHO's statement "`wage continuation' does equate with payment of compensation for purposes of VSSR liability" was issued without jurisdiction to issue such statement or holding if such statement can be construed as a commission holding. The statement is entirely dicta.
 {¶ 32} Ohio Adm. Code 4121-3-20(A) provides for the filing of VSSR applications and the amendment of such applications. Ohio Adm. Code 4121-3-20(B) provides for the processing of VSSR applications.
 {¶ 33} Ohio Adm. Code 4121-3-20(C) provides for the filing of a motion for rehearing of an SHO's order adjudicating the merits of a VSSR application. Ohio Adm. Code 4121-3-20(C)(1) provides that an SHO shall review the motion for rehearing under the following criteria:
(a) In order to justify a rehearing of the staff hearing officer's order, the motion shall be accompanied by new and additional proof not previously considered and which by due diligence could not be obtained prior to the prehearing conference, or prior to the merit hearing if a record hearing was held and relevant to the specific safety requirement violation.
(b) A rehearing may also be indicated in exceptional cases where the order was based on an obvious mistake of fact or clear mistake of law.
 {¶ 34} It is clear from a reading of the context in which Ohio Adm. Code 4121-3-20(C) appears that a motion for rehearing is provided as an additional administrative remedy to address the merits, or lack thereof, of a VSSR application. Clearly, the motion for rehearing cannot be used to ask the commission to address issues relating to the bureau's assessment or calculation of a VSSR penalty imposed by the commission.
 {¶ 35} Based upon the above analysis, the magistrate concludes that the SHO who issued his order denying the motion for rehearing lacked jurisdiction to issue a finding or holding relating to assessment of the penalty against wage continuation payments. Accordingly, the SHO's statement in the order mailed November 1, 2005 that "`wage continuation' does equate with payment of compensation for purposes of VSSR liability," must be ordered stricken from the order.
 {¶ 36} Relator never appropriately moved for an adjudication of the issues that it attempts to present here for review, even though relator was provided an administrative remedy to present such issues.
 {¶ 37} Ohio Adm. Code 4123-3-16 provides:
(B) Motions may be submitted by the employee or the employer to seek a determination by the bureau or the commission on any matter not otherwise provided for in these rules. * * *
 {¶ 38} While relator failed to pursue an administrative remedy under Ohio Adm. Code 4123-3-16, the December 13, 2005 letter from claimant's counsel should have been treated by the bureau as claimant's motion for an adjudication of the issues relating to assessment of the VSSR award against the wages paid by relator in lieu of compensation. See State ex rel. Kroger Co.v. Morehouse (1995), 74 Ohio St.3d 129. It was an abuse of discretion for the bureau to fail to refer the matter to the commission for adjudication.
 {¶ 39} Accordingly, based upon the foregoing analysis, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to strike the above-noted language from its SHO's order denying the motion for rehearing and ordering the bureau to refer the matter presented in counsel's December 13, 2005 letter to the commission for adjudication.